CHIEP JUSTICE ROBERTSON
delivered the opinion of the court.
The appellees, as judgment-creditors of tbe appellant, Skilman, having attached one hundred and thirty dollars deposited in bank by him to bis own credit, and bis co-appellant, Carter, *429 being made a party as claimant of the fund, each of the appellants alleged in his answer that Skilman, as agent of Carter for selling stock, sold Carter’s sheep for one hundred and thirty dollars,, and deposited the proceeds in his own name instead of paying the amount over to Carter; and that, without collusion, the deposit was the property of Carter and not of Skilman. Sustaining demurrers to the answers, the circuit court by its judgment ordered the bank as garnishee to pay to the attaching creditors.
Admitting, as the demurrers did, the truth of all those allegations, it seems to this court that, without any countervailing evidence, the deposit was the beneficial property of Carter when it was attached. As between themselves it was certainly so; and the ostensible ownership did not delude the appellees into false credit or loss of any kind; therefore they have no better right than Skilman has. If the deposit, as made, should be considered a conversion by Skilman, still Carter’s beneficial ownership was n'ot thereby divested without his concurrence, or unless Skilman retained the money for compensation for his services. But nothing of this kind is implied by the answers, though fit subjects of ulterior litigation on the answers.
Our conclusion is that the circuit court erred in sustaining the demurrers to the answer, and adjudging the payment to the appellees without further litigation.
Wherefore the judgment is reversed, and the cause remanded for further proceedings consistent with this opinion.