MANFORD P. LUM v. THE UNITED STATES FIRE IN-
SURANCE COMPANY.

*Fire insurance—Pleading—Variance—Contract of insurance—
Delivery—Non-payment of premium—Proofs
of loss—Estoppel.*

1. In a suit upon an insurance policy, the declaration set forth the date of the issuance and delivery of the policy, the amount and term of the insurance, the premium paid, the property insured, describing it the same as in the policy, the entire destruction of the property on a given date by fire, the consequent loss to plaintiff, and the refusal of the defendant to pay said loss, and claimed damages in a certain sum.  The declaration was not demurred to.  And it is held that it contained sufficient averments to warrant a recovery under Circuit Court Rule No. 104, which was adopted for the purpose of avoiding needless prolixity.

2. The date of the fire, which was not averred under a *videlicet*, was fixed in the declaration as having occurred one month later than the true date, as shown by the evidence.  The proofs of loss were made within the time fixed by the policy, and the defendant was not taken by surprise on the trial.  And it is held that the misstatement was one which the court would have amended as of course, and it will be treated as so amended.

3. An insurance agent was in the habit of issuing policies on

blanks furnished by the company for that purpose. Being about to leave home, and anticipating a request for a renewal of a policy so issued by him which would expire before his return, the agent signed a policy in blank, and left it with his office boy to fill up, and deliver to the insured, if called for. On the day the old policy expired, an agent of the insured called at the office of the insurance agent to secure a renewal of the policy, and was informed by the office boy that it had been renewed, and was shown the entry of the new policy on the insurance register. Two days later the insurance agent returned, and, in obedience to a letter from the general agent of the insurance company, sent the new policy to the general agent for cancellation, but did not notify the insured until the morning after the fire, which occurred seven days after the policy had been sent to the general agent. No premium was paid, nor was any asked for by the insurance agent. And it is held that a valid contract of insurance was made; that, though the policy remained in the agent's hands, it was treated as delivered, and must be so held; and that the non-payment of the premium would not, under these circumstances, invalidate the insurance.

4. The proofs of loss did not comply with the requirements of the policy. The company, however, denied all liability, and claimed that the policy had been canceled, and that no valid insurance existed upon the property. And it is held that the company is estopped from objecting to the insufficiency of the proofs of loss.

Error to Alpena. (Kelley, J.) Argued January 25, 1895. Decided March 19, 1895.

*Assumpsit.* Defendant brings error. Affirmed. The facts are stated in the opinion.

*Charles F. Gates*, for appellant.

*Depew & Marshall*, for plaintiff.

Long, J. This is an action to recover upon a fire insurance policy. July 16, 1891, plaintiff had issued to him by the defendant company a policy upon his household furniture in his dwelling house in Bay City. That policy expired on July 16, 1892. It was a Michigan standard in

the usual form. In May, 1892, plaintiff removed from Bay City to Alpena, leaving his furniture and house at Bay City in the keeping of his agent, Benjamin F. Smith. Some time before the expiration of this policy the agent of the defendant company at Bay City, Mr. O. F. Forsyth, had concluded to renew it if the plaintiff so desired, and had signed a new policy, and left it with his office boy to fill out and deliver. On July 16,—the date of the termination of the first policy,—Mr. Smith, plaintiff's agent, called at the office of defendant's agent, and ordered the renewal of the insurance. Mr. Forsyth was absent from the city, but the office boy informed Mr. Smith that it had been renewed, and showed him the record of the renewal on the insurance register of the defendant's agent, and pointed out the renewal policy, which had been filled out for $300 on the household furniture of the plaintiff. On July 25 the property covered by the insurance was entirely destroyed by fire. It appears that Mr. Forsyth, on his return home, and on the 18th of July, received a letter from the general agent of the company at Detroit directing him to cancel the policy, as he had been instructed by the company not to issue any policies for less than $3 in premiums. Mr. Forsyth sent the policy to the general agent for cancellation on July 18,—being seven days before the fire. It is contended that Mr. Forsyth never notified plaintiff or his agent that the policy had been canceled until the next morning after the fire, while the defendant contends that Mr. Smith was notified on the 18th that the policy had been canceled. This question, however, was submitted to the jury, who found in favor of plaintiff's contention. That question, therefore, is not of importance in the case.

The declaration by which the suit was commenced, it is claimed, was not sufficient to warrant a recovery. It was not demurred to, and we think it contained sufficient

averments to warrant a recovery under Circuit Court Rule 104, which was adopted for the purpose of avoiding needless prolixity.

It is said, however, that the time when the fire took place was stated as August 25, while the proof showed that it was on July 25, and that, the date not being averred under a *videlicet*, the variance was fatal. The court below refused so to charge, and we think properly. The date was not very essential, as the proofs of loss were made within the time fixed by the policy, and it is evident the defendant was not taken by surprise on the trial. It was a misstatement which the court would have at once amended as of course, and which we may well treat as amended. Except in describing a written instrument which bears a written date, averments of time are not, in general, material in a declaration. *Howland v. Davis*, 40 Mich. 545.

The principal questions which were raised on the trial relate to—

1. Whether there was a new policy actually issued, and whether there was sufficient delivery, so that it took effect as a valid contract of insurance.

2. Whether the non-payment of the premium vitiated it.

3. Whether the plaintiff's agent had notice of its cancellation.

4. Whether the proofs of loss were sufficient, and, if not sufficient, whether the defendant is now in position to take advantage of the defects.

Mr. Forsyth had been acting as the agent of defendant for some three years, and, it is claimed by defendant, under limited authority. A commission had been issued to him to do business, and, while it appears that plaintiff's agent had seen the commission hanging in Mr. Forsyth's office, there is no proof that he knew of any limitation upon Mr. Forsyth's power to issue insurance policies. It had been the practice of Mr. Forsyth to fill out, sign,

and deliver policies of insurance.    He was furnished with blank policies by the company for that purpose, and had signed and issued the policy of July 16, 1891, to the plaintiff.    Mr. Smith, plaintiff's agent, knew of this fact, and made the application for the renewal of the insurance. This had been anticipated by Mr. Forsyth himself, who had signed and authorized to be filled out and delivered the new policy.    It was the same in form as the old policy. Plaintiff's agent regarded the insurance as renewed, and it is evident that Mr. Forsyth left the city with the full understanding that it would be renewed on the day of the expiration of the former policy.    It was evidently reported to the company as a valid and binding contract of insurance.    Forsyth did not ask payment of the premium at the time, and it is apparent that he looked to the plaintiff or his agent personally for its payment.    We think this was a valid contract of insurance, and a sufficient delivery, without the payment down of the premium.    It was understood between the parties to be so, and the actual delivery of the policy into the hands of Mr. Smith and the payment of the premium were not necessary to effectuate valid insurance.    That the non-payment of the premium would not invalidate the insurance under these circumstances is held in *Mallory v. Insurance Co.*, 90 Mich. 112. The parties treated the policy as a valid contract, and, though it remained in Mr. Forsyth's hands, it was treated as a delivery, and must be so held.    *Home Insurance Co. v. Curtis*, 32 Mich. 402; *Dibble v. Assurance Co.*, 70 Id. 1.

The third question has already been disposed of, as it was submitted to the jury as before stated.

On the subject of the proofs of loss the policy provides that—

"The insured,    *    *    *    within 60 days after the fire, unless such time is extended in writing by this com-

pany, shall render a statement to this company, signed and sworn to by said insured, stating the knowledge and belief of the insured as to the time and origin of the fire, the interest of the insured and of all others in the property, the cash value of each item thereof, and the amount of loss thereon, and all incumbrances thereon."

Proofs of loss were made out and sent to the general agent of the company at Detroit. They did not comply with the terms of the policy, in that there was nothing contained therein stating the knowledge and belief of the insured as to the time and origin of the fire, and the interest of the insured and of all others in the property, and such proofs were not signed and sworn to. The proofs of loss did give the list of articles destroyed, and their value, and their ownership as in the plaintiff, and as insured under policy No. 1,926 in the defendant company. It is evident that the proofs of loss did not comply with the requirements of the policy. The court below held, however, that the company denied all liability, and that, therefore, no proofs of loss were necessary.

It is well settled that an insurer who has denied liability for a loss is estopped from objecting to the want or sufficiency of the preliminary proof thereof. *O'Brien v. Insurance Co.*, 52 Mich. 131. The proofs were made out and sent forward to the general agent of the company, and, so far as this record discloses, no objection whatever was made to them. From the outset of the trial the defendant claimed that the policy had been canceled, and that no valid insurance existed upon the property. Counsel sought to establish the fact that the plaintiff's agent had notice of the cancellation. A letter was put in evidence from the general agent of the company to Mr. Forsyth, dated July 18, 1892, ordering the policy canceled, and from that time it is evident that the company absolutely refused to recognize the plaintiff's claim; and we

think the evidence and circumstances of the case show conclusively that it denied all liability. The case was tried upon this theory, and counsel claimed to the court and jury that no policy was in existence; that, if one ever existed, it had been canceled, to the knowledge of the plaintiff's agent, before the fire occurred. The disputed questions of fact were all fairly submitted to the jury.

Some other questions are raised, but the principal ones have been discussed. We find no error in the record.

The judgment must be affirmed.

GRANT, MONTGOMERY, and HOOKER, JJ., concurred. McGRATH, C. J., did not sit.