ALDERTON *v.* WILLIAMS.[1]

1. CONTRACTS—INDEFINITENESS.

A contract, by which it is agreed to change a heading mill into a stavemill, and carry on the business of manufacturing staves, is not void for indefiniteness in that it fails to specify the kind of machinery to be bought or the kind of staves to be manufactured.

2. SAME—MUTUALITY.

A contract, by which one party agrees to change his heading mill into a stavemill, and carry on the business of manufacturing and selling staves, and establish a general store in connection therewith, and buy his supplies as far as possible from the other party, the other agreeing to advance the necessary money to carry out the enterprise and take his pay from a share of the profits, does not lack mutuality.

3. SAME—UNCERTAINTY.

A contract to carry on the business of manufacturing and selling staves as long as sufficient timber is to be had in the locality for that purpose is not void for uncertainty.

4. SAME — CONSIDERATION—FAILURE — ONE OF SEVERAL STIPULATIONS.

That one of several promises forming the consideration of a contract is unenforceable does not invalidate it.

5. JOINT ENTERPRISE—WHAT CONSTITUTES.

Where one party agreed to establish and conduct a business and the other agreed to furnish a certain amount of money to assist it and take a stipulated portion of the net profits until paid, the business is properly described as a joint enterprise, though the parties are not partners and the title to the mill and business remained with the first party.

6. SAVING QUESTIONS FOR REVIEW.

The objection that evidence admitted on behalf of defendants denied allegations in the declaration which they had by their pleadings admitted to be true cannot be raised for the first time on error.

7. DAMAGES—JOINT ADVENTURE—BREACH OF CONTRACT.

Where a joint adventure fails because one of the parties fails to

[1] Rehearing denied May 12, 1905.

advance funds as agreed, the other is not limited in his damages to the excess of interest he would have had to pay on borrowing the money elsewhere, but he may recover substantial damages, including expense for machinery and labor incurred in performing his part of the agreement.

8. TRIAL—INSTRUCTIONS—NECESSITY OF REQUEST.

A judgment will not be reversed for the failure of the court to direct the attention of the jury to specific items of damages as to which the evidence was conflicting, where no specific instruction thereon was asked.

9. DAMAGES—JOINT ADVENTURE—BREACH OF CONTRACT.

Where a joint adventure involving the remodeling of a mill fails because one of the parties refuses to advance funds as agreed, the measure of the other's damages is not affected by defects in his title to the machinery, where there is no privity between the first party and the alleged real owner of the machinery.

10. VARIANCE—WAIVER.

A variance between the pleadings and proofs will be deemed waived when brought to the attention of the court for the first time by a request to charge after the close of the evidence.

Error to Mecosta; Palmer, J. Submitted January 18, 1905. (Docket No. 67.) Decided March 7, 1905.

Assumpsit by George A. Alderton against Charles F. Williams and Lafayette C. Williams upon promissory notes. There was judgment for defendants, and plaintiff brings error. Affirmed.

*James H. Davitt*, for appellant.

*F. A. Lyon* and *M. Brown*, for appellees.

CARPENTER J. This is the second time this suit has been before us. Our first decision will be found reported in 130 Mich. 626.

Plaintiff sues to recover $5,000, which he claims to have advanced as surety for defendants in payment of six notes on which he and defendants were the joint makers. After the former judgment was reversed in this court, defend-

ants elected to waive the benefit of their plea of the general issue, admitted the facts alleged in plaintiff's declaration, and relied upon the facts stated in an accompanying notice for their defense. Those facts may be briefly stated as follows: Defendants, as owners of a heading mill in the village of Beaverton, Gladwin county, Mich., agreed with plaintiff to remodel said mill into a stavemill, and to carry on the business of manufacturing and selling staves; to establish and conduct in connection therewith a general store; to buy the merchandise for this store, "as far as they reasonably could do," at a grocery run by plaintiff in Saginaw under the firm name of George A. Alderton & Co.; to carry on said stave business "so long as they could get sufficient timber for that purpose in the locality of said mill;" and to make repayment of plaintiff's advances by giving him 10 per cent. of the net profits of said business. In consideration of these agreements made by defendants, plaintiff agreed to advance from time to time the sum of $20,000, to be repaid as aforesaid. That defendants changed their heading mill into a stavemill, and performed their other agreements. That plaintiff, after advancing the $5,000 involved in suit, refused to make further advances, in consequence of which the venture utterly failed, to defendants' damage.

The issue thus made was tried before a court and jury; defendants offering testimony which tended to establish the claim stated in their notice, and the plaintiff offering testimony denying the same. The case was submitted to a jury, who rendered a verdict of no cause of action. Plaintiff asks us to reverse the judgment entered on said verdict for various reasons, which, so far as needful, will be considered and discussed in this opinion.

Plaintiff insists that the contract relied upon by defendants is void for indefiniteness and want of mutuality. It is true that in certain particulars the contract is indefinite. For instance, it does not appear precisely what kind of machinery is to be bought or what kind of staves manufactured. It is impossible to believe that such indefi-

niteness would present an obstacle to the proper performance of the contract. We are referred to no authority, and we believe there is no authority, which holds that indefiniteness in details of this character makes an entire contract void. If it did, nearly every complicated contract would be void. Nor is the contract void for want of mutuality. The agreement of one party is the consideration for the agreement of the other, and just what each agreed to do clearly appears.

Neither can it be said that there was such an uncertainty as to the duration of the stave business as to render the contract void. The business was to be carried on "so long as they could get sufficient timber for that purpose in the locality of the mill." In *Raymond* v. *White,* 119 Mich. 443, where it was agreed that certain payments should be made "as long as defendant should continue to use" the inventions of plaintiff, this court held that "the time that the contract was to continue was not uncertain."

In this connection, we should notice plaintiff's contention that the agreement that defendants should buy from him supplies, "as far as they reasonably could do," is not enforceable. If so, this is only one of several agreements made by defendants which constituted the consideration for plaintiff's agreement, and it would not, therefore, affect the latter's obligation to perform his agreement. See *Wesleyan Seminary* v. *Fisher,* 4 Mich. 515.

Defendants obtained a verdict upon the assumption that they and plaintiff entered into a joint enterprise. Plaintiff contends that this assumption is erroneous. He insists that, according to the testimony of defendants, the parties were not engaged in a joint enterprise. It is true that the contract establishhd by defendants' testimony did not create a partnership between themselves and plaintiff, and that the mill continued to be the mill of defendants. But it is none the less true that that contract made plaintiff and defendants jointly interested in the business of manufacturing and selling staves, and this business may properly be described as a joint enterprise.

Plaintiff insists that defendants, in introducing evidence that the indebtedness sued for was payable only from the profits of the stave business, were denying the allegations of the declaration which they had by their pleadings admitted to be true. A diligent examination of the record fails to show that this objection was made in the trial court, and therefore we cannot consider it.

The trial court charged that, if the business venture failed by reason of plaintiff's breach of contract, defendants could recover as damages "whatever loss was occasioned to them by reason of such breach. * * * The damages must be such as grow directly out of the breach," and "would be limited to the actual outlay on expense incurred in changing over the heading business to the stave business, on account of the contract relations requiring that to be done. * * * Of course, you may take into account not only the expense * * * of changing over this mill as far as machinery is concerned, but the necessary labor, its fair value according to the proof, * * * that would be an element of damage, also." Notwithstanding the various objections urged by plaintiff, we think he cannot complain of this charge.

In *Harrow Spring Co.* v. *Harrow Co.*, 90 Mich. 147, we said in a case like that at bar, "the injured party is clearly entitled to recover his damages for expenses incurred in good faith in anticipation of performance by the other party." This decision answers, with one exception, all of plaintiff's objections to the above charge. That exception arises from his contention that the measure of damages where one fails to advance money as agreed is the excess in interest which the borrower is compelled to pay to procure the money elsewhere. This principle is applied, as appears from the cases cited by appellant, where the defaulting party failed to advance money which he had promised to *loan*. In such cases the law presumes that the borrower can obtain money elsewhere, and the increased rate of interest therefore furnishes full compensation for his damages. Those cases and the principle underlying

them have no application to the case at bar. Here plaintiff defaulted, not in making an agreed loan, but in contributing to a joint adventure. Even if defendants had the right to do so, it cannot be presumed that they could have obtained such a contribution from some other source. And we have held that, when a joint adventure fails because one of the parties refuses to advance his agreed money contribution, he is liable for substantial damages. See *McCreery* v. *Green*, 38 Mich. 172. We do not discuss plaintiff's objections to certain of defendants' testimony which tended to prove damages. For, assuming the rule of damages announced by the trial court to be correct—and we have held that it was correct—the testimony was properly admitted.

Plaintiff complains because the court did not of his own motion direct the attention of the jury to specific items of damages, concerning which there was a conflict of testimony. The charge of the court gave the jury a correct general rule by which they should determine the allowance or disallowance of these items. There is nothing to show, and we cannot presume, that the jury erred in applying that rule. Had the plaintiff desired a more specific charge concerning any of these items, he should have requested it, and, as he did not do so, he cannot now complain. See *Anderson Carriage Co.* v. *Pungs*, 134 Mich. 474.

Defendants' title to a part of the machinery damaged by the breach of contract was defective, and plaintiff complains because the trial court ruled that this circumstance could not be considered in reducing damages. Is plaintiff in a situation to question that title? There is no privity between plaintiff and the real owner of the property. He is not liable to such owner. Up to the time of trial such owner had never asserted his title, and he may never assert it. If defendants' title is defective, they would be liable to the real owner for the damages caused by plaintiff's breach of the contract, while plaintiff would be under no such liability. It follows that the flaw in defend-

ants' title was an immaterial circumstance. It did not lessen defendants' loss, and it should not lessen plaintiff's liability.

Complaint is made because the court did not give the following instruction preferred by plaintiff:

" The notice of recoupment alleges that plaintiff 'was doing a wholesale grocery business under the firm name of George A. Alderton & Co.' But the proofs show that the firm of George A. Alderton & Co. was composed of George A. Alderton, Albert Alderton, and John Mc-Phillips. This allegation relates to the consideration of the contract, for the alleged breach of which defendants make their claim of damages, and there is therefore a fatal variance between the pleading and the proof, and for that reason defendants cannot be . allowed anything under their claim for recoupment."

Plaintiff must have known precisely what business defendants intended to describe. He was not, therefore, misled by the slightly inaccurate description in defendants' notice. He did not raise the objection until he preferred this request at the conclusion of the trial. We have held " that where testimony was introduced, and the party relying upon a variance made no objection on that ground until his request to charge, when it was brought to the attention of the court for the first time, it was too late, and the objection would be deemed waived." *Merkle* v. *Township of Bennington*, 68 Mich. 142; *Stone* v. *Covell*, 29 Mich. 359. No other complaint demands discussion.

The judgment is affirmed, with costs.

McALVAY, GRANT, BLAIR, and MONTGOMERY, JJ., concurred.