CRYSTAL ICE CO. *v.* UNITED SURETY CO.

1. INSURANCE—GUARANTY AND INDEMNITY BONDS—PRINCIPAL AND SURETY.

It is not a defense to an action on a bond which indemnified an employer against the default of a collector, and which provided for notice to the surety company by registered letter, that the registered letter was not sent as required by the contract, where actual notice was promptly given of the embezzlement to the State agent of the surety, who promptly notified his principal.

2. SAME—CONTRACTS—WAIVER—BREACH.

The employer was justified in acting on the advice of the State agent and retaining the collector in his employ, notwithstanding a proviso in the contract against such retention after a default, where it appeared that the advice given was known to the surety and it forwarded blank proofs of loss and received the proofs without objection.

3. SAME—NATURE OF BOND—LIABILITY.

A bond for indemnity against loss through the default of an employé makes the surety an insurer in all essential particulars and subject to the same rules as fire and life insurance companies.

4. SAME—PRINCIPAL AND AGENT—GENERAL AGENCY.

An agent who takes a risk and issues a policy of insurance is a general agent.

5. SAME—DEFENSES—EVIDENCE.
> Evidence that money had been taken by the employé, is insufficient to establish as a defense to an action on the indemnity contract that his accounts had not been examined weekly, as required by the contract.

Error to Wayne; Murfin, J.   Submitted October 22, 1909.   ( Docket No. 175.)   Decided December 10, 1909.

Debt by the Crystal Ice Company, Limited, against the United Surety Company for the amount of a bond.   A judgment for plaintiff is reviewed by defendant on writ of error.   Affirmed.

*Frank C. Cook,* for appellant.

*Thomas Hislop,* for appellee.

McALVAY, J.   The action in this case was brought by plaintiff on a surety bond executed by defendant company to plaintiff June 1, 1906, insuring plaintiff, for the term of one year, to the amount of $500, against loss sustained by the larceny or embezzlement of a certain employé while in plaintiff's employ as a collector   The surety bond was renewed for another year by a renewal certificate.   On December 24, 1907, while this bond continued in force, the employé confessed to Mr. Osborne, secretary of plaintiff company, that he had not returned money of plaintiff collected by him, to the amount of $96.98.   The secretary at once went to Mr. Parker, who was State agent representing defendant, and reported what the employé had told him.   He asked Mr. Parker what he should do about it, and whether he should continue the employé at work. He told him that he did not know, and could not tell from the nature of the business, how much was missing; that he only knew the amount confessed to him.   Mr. Parker told him that he would report to the company, and that he would better keep the man at work until he heard from the company, as it would be but a few days.   The secretary followed these instructions.   He continued to find

more money, which had been paid to this collector, miss-
ing, and reported that fact to Mr. Parker from day to day
and asked for instructions.  Mr. Parker received a letter
from the company written by its attorney, which was
shown to Mr. Osborne.  It was dated December 26, 1907,
and reads as follows:

"We have your favor of the 24th inst. in regard to
bond 3477 executed on behalf of Edward V. Joy and note
contents.  We will await further advices in this matter."

After this Mr. Osborne called upon Mr. Parker every
day or two, reporting further accounts missing, and asked
for instructions as to what to do.  He was told by Mr.
Parker that he had received a letter from the company
saying that further instructions would be given.  He
asked if there was anything more he should do in the mat-
ter, and was told that the letter was expected every day
and to await further instructions.  He was also told, as
soon as he knew the full amount of the loss, to send it in.
This was done by Mr. Osborne.  It does not appear from
the record that the promised letter and instructions ever
came.  Joy continued to work for plaintiff until Febru-
ary 12, 1908.  On February 15, 1908, plaintiff wrote to
defendant company at Baltimore, Md., sending a list of
all accounts collected by Joy and not accounted for,
giving name and residence of customer, date of collec-
tion, where possible, and the amount.  This letter also
contained statements relative to the case which are not of
sufficient importance to quote.  This letter was answered
by defendant through its attorney, February 18, 1908, as
follows:

"*Gentlemen:*  We have your favor of the 15th inst.
inclosing itemized claim of your company against this
company under the bond of Edward Joy, No. 3477, and
note contents.  In reply we beg to advise that we have
written our agent Mr. Edw. H. Parker in your city in
connection therewith, who will in all probability take the
case up with you in the next few days.

"Yours very truly,
"H. E. Miles, Attorney."

On February 28, 1908, Mr. Parker wrote Mr. Osborne on the home office letter paper of defendant company, as follows:

"DETROIT MICH., Feb. 28, 1908.

"Mr. OSBORNE,
    "CRYSTAL ICE COMPANY, Detroit.

" *Dear Sir:*   Inclosed herewith please find blank form of proof of loss, which I would ask you to kindly fill out and execute and return to me at your earliest convenience, and oblige.

    "Yours truly,
        "UNITED SURETY COMPANY,
            "EDW. H. PARKER, State Agent."

Proofs of loss were accordingly made upon this blank, on March 3, 1908, and sworn to before Agent Parker. Defendant did not ask for other or further proofs. The record shows some other letters between the parties and their attorneys not material to the case. On April 9, 1908, defendant wrote plaintiff denying all liability in the premises for the reasons:

(1) That the requirement that the employé's accounts were to be examined weekly had not been followed.

(2) That the employé had been continued in plaintiff's employment after the knowledge of peculations, thereby condoning the offense, which was prohibited by the terms of the bond.

(3) Neglect to immediately notify the company by registered letter of the discovery of any act which may be the basis of a claim under the bond, as by its terms required.

The foregoing statement contains, in effect, all of the material evidence in the case. It has been given fully for the reason that defendant offered no evidence except some exhibits (letters) introduced on cross-examination. The substance of those considered material is given.

Both parties at the close of the case requested an instructed verdict. These motions were denied, and the case was submitted to the jury upon the question of fact as to whether Joy had embezzled the money of plaintiff to the amount of $169.04, which had been agreed upon as the

amount of plaintiff's claim. The jury returned a verdict for plaintiff for that amount, and a judgment was entered. Defendant brings the case before this court for review upon a writ of error, claiming that the court erred in denying its motion for an instructed verdict, and in refusing defendant's requests, based upon the reasons denying liability given in the letter last above set forth.

In this case it appears without dispute that Mr. Parker, who acted for defendant when this bond was procured, was the State agent of defendant. He was promptly informed of the employé's confession of misconduct, and as promptly notified defendant company. Two days later defendant acknowledged receipt of such notice, stating that they would await further advices. Therefore defendant was notified immediately of acts which would be the basis of a claim under the bond.

In the matter of continuing the employé at work, plaintiff acted upon the instructions of defendant's State agent. There is no evidence which shows that the accounts had not been examined weekly up to the time of plaintiff's first knowledge of the employé's misconduct, except by inference from the fact that money had been taken by him. This could have been readily done without plaintiff's knowledge by a false statement of money received, or by giving a receipt without crediting an account. All that occurred after the discovery was done while plaintiff was acting under instructions from Mr. Parker, whose knowledge was the knowledge of the defendant, and whose act in giving instructions to plaintiff to continue the employé at work was the act of defendant.

Defendant is in all essential particulars an insurer. 32 Cyc. p. 307, and cases cited. The same rules, as to the authority of general agents of such companies, should be applied, as are applied to fire and life insurance companies. It is settled law that the agent who takes a risk and issues a policy is a general agent for the insurance company. Mr. Parker acted as agent in taking this insurance, and also was the State agent of defendant company. Defend-

ant company had further knowledge of plaintiff's claim than through Mr. Parker. Plaintiff sent a full statement of its entire claim against defendant, and also many of the facts in the case, by letter direct to its home office, February 15, 1908. The answer of February 18, 1908, is already given in full. The matter was referred to Agent Parker, who would take the case up in a few days. He did this on February 28th following, sending blank proofs of loss for execution and return, acting as State agent for defendant. At this time defendant knew: (a) Of the employé's defalcation by information given immediately; (b) that Joy had remained in plaintiff's employ on its agent's advice; (c) the facts upon which it claims weekly accountings were not had with Joy.

The proofs of loss were sworn to before Mr. Parker and delivered to him March 3, 1908, and defendant delayed any denial of liability until April 9, 1908. We do not think that, under the evidence in this case, the three defenses urged were available to defendant on account of its own knowledge of the facts, and the knowledge of the agent, Parker, and his instructions to plaintiff, and also on account of the fact that, if any of such defenses could have been interposed, all these matters were waived by furnishing the proofs of loss and accepting the same without objection (*Burnham* v. *Casualty Co.*, 117 Mich. 142 (75 N. W. 445).

The errors assigned upon the admission of certain evidence need not be discussed. The court took every question of fact from the jury, except whether the employé had embezzled the amount claimed. The evidence objected to related to other questions.

The judgment is affirmed.

GRANT, MONTGOMERY, OSTRANDER, and MOORE, JJ., concurred.