# Green et al. v. Collett.

(Decided October 22, 1929.)

MARTIN T. KELLY and M. G. COLSON for appellants.

N. R. PATTERSON for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

A tract of land located in Bell county and belonging to Lewis T. Green and others was sold under execution in favor of Roosevelt Miracle and the J. B. Colt Company. J. Hugh Collett advanced the Greens the money necessary to redeem the land. Whereupon the Greens conveyed him the property for the recited consideration of $1,358.24, and at the same time Collett executed an instrument called a bond. This instrument recited that the sum of $1,358.24 had been advanced by Collett in order to redeem the land from execution, and it was agreed therein that the Greens should have the right at any time within 12 months to purchase the land at the price of

$1,358.24 and 6 per cent. interest from date, with the further provision that, if they failed to exercise said option to purchase within said period, the option should be null and void. A year later the option was renewed for a period of four months, and the purchase price was fixed at $1,600.

After the expiration of the last option, Collett, alleging that he was the owner of the land in controversy, brought this action against the Greens to enjoin trespass. Lewis T. Green filed an answer denying the allegations of the petition and pleading in substance the following facts: Prior to May 21, 1927, he became indebted to the plaintiff in the sum of $1,358.24, with interest at the rate of 6 per cent. per annum from that date, and, in order to secure plaintiff in the payment of said sum and interest, he and his wife made, executed, and delivered to the plaintiff a deed for the land described in the petition, but same was made and delivered as security for the money above stated, and simultaneously therewith Collett and wife made, executed, and delivered the option to repurchase. At the expiration of that option a new option was given. The value of the land described in the petition is more than three times as much as the debt owing to plaintiff. Later on Mary Jane Green filed her answer. After setting out the sale of the property under the execution and its purchase by Miracle, she alleged that before the time for redemption plaintiff, for the purpose of redeeming the said property for this defendant and her brother, at their request paid the sum due to Miracle, and to secure him the payment of said sum she and her brother, at the request of the plaintiff, executed a deed for said property with ''an agreement and understanding that the said deed was made to secure said Collett for said sum only,'' and at the same time the said Collett executed the bond referred to above. She further alleged that the property was reasonably worth the sum of $6,000, and that the transaction with plaintiff and the deed to him made pursuant to said agreement under which he holds title to said land was made to him as security for the debt as set out herein, and for no other purpose, and it was so understood and accepted by plaintiff.

It is unnecessary to review the authorities on the subject. It is the established rule in this state that a deed absolute on its face may be shown by parol testi-

mony to have been intended as a mortgage, and this, too, without an allegation of fraud, accident, or mistake. Henderson v. Adams, 182 Ky. 280, 206 S. W. 461. In the decision of the question the form of the transaction is not controlling. On the contrary, courts will look through and beyond the form, and if, upon a consideration of all the facts and circumstances, it appears that the conveyance was intended as a security for a debt, it will be adjudged a mortgage.

Appellee relies upon Miracle v. Stone, 190 Ky. 610, 227 S. W. 1011, 1014, in which the court summed up the rule as follows: "That to construe the transaction as creating a mortgage the relation of debtor and creditor must exist either because of a prior debt, or one simultaneously created, or one agreed to be created in the future. (2) To constitute a mortgage the transaction must be such as that the rights as well as the remedies of the parties are mutual, i. e., if the alleged mortgagee may treat the transaction as a mortgage and is possessed of all of the rights and remedies incident thereto, the vendor (the alleged mortgagee) must also possess the same rights and remedies. Growing out of this is the right of the latter to sue the alleged mortgagee to recover the debt and to enforce his lien upon the property involved. He cannot do this unless there is contained in the transaction a promise by the mortgagee to pay him the stipulated sum on or before the fixed time, and in the absence of such a promise he cannot maintain such suit, and the mutuality of rights and remedies are wanting. (3) Even if the relation of debtor and creditor existed at the time of the transaction, if it extinguished the debt, then that relation is destroyed, and the sale may not be subsequently treated as a mortgage. There may be, under the peculiar facts of the particular case, other tests, but the three mentioned seem to be adopted by the greater number of courts and by the best-reasoned opinions."

It is insisted that the facts pleaded do not show a mutuality of rights and obligations, that the options to purchase did not obligate the vendors to pay, and that in the pleadings there is no allegation that they promised to pay. The answer of Lewis Green alleges, in substance, that prior to May 1, 1927, he became indebted to the plaintiff in the sum of $1,358.24, with 6 per cent. interest, and,

in order to secure the plaintiff in the payment of said sum, he and his wife executed and delivered to the plaintiff a deed for the land described in the petition, but that same was made and delivered as security for the money above stated. In Mrs. Green's answer it is alleged that plaintiff, for the purpose of redeeming the property for her and her brother, paid the said sum due to said Roosevelt Miracle at their request, and that to secure him the payment of said sum she and her brother, at the request of plaintiff, executed a deed for said property to the plaintiff, with the agreement and understanding that the deed was made to secure plaintiff for said sum only.

Though the answers do not allege a promise to pay, the facts are pleaded, and they are sufficient to show a promise. If appellants were indebted to Collett at the time of the conveyance and the conveyance was intended and accepted as a security for the debt, there can be no doubt that the deed was in fact a mortgage, and it seems to us that the facts pleaded are good on demurrer. It must not be overlooked that in the Miracle case the parties relied solely on the writing giving the option to purchase, and that neither they nor any other witness testified to any transaction or facts different from those embodied in the writing. As the writing did not impose on the vendors any obligation to pay, but merely gave them an option which they could exercise or not without any right on the part of the vendee to enforce the collection of the purchase price, it was held that the agreement was not a mortgage.

In the case under consideration the vendors are not relying solely upon the option, but are pleading the facts and circumstances surrounding the transaction. This they may do without an allegation of fraud, accident, or mistake, even though the writings show a conditional sale. Skinner v. Miller, 5 Litt. 84; McKibben v. Diltz, 138 Ky. 684, 128 S. W. 1082, 137 Am. St. Rep. 408. It follows that the demurrer to the answer should have been overruled.

Judgment reversed, and cause remanded for proceedings consistent with this opinion.