## Ducker v. Latonia Deposit Bank.

(Decided February 9, 1932.)

BLAKELY & MURPHY and PAUL V. CONNOLLY for appellant.

HIGHTOWER, O'BRIEN & PORTER and WARE & WARE for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON— Affirming.

The Latonia Deposit Bank was organized under the laws of this commonwealth, and engaged in a general banking business at Covington, Kenton county, Ky., during the time the transactions occurred which we will presently consider. The Golden Rule Coal Company was a domestic corporation engaged in the coal business in the same city. Paul L. Wolnitzek was its president and manager in charge of its business. Prior to December 16, 1926, he received twenty-six checks payable to the Golden Rule Coal Company, aggregating $2,145.51, and on December 20, 1926, he received three checks payable to it, amounting to $1,405.88. He carried these checks to the Latonia Deposit Bank, indorsed them, "Golden Rule Coal Company," and directed the Latonia Deposit Bank to place them to his individual account, which the bank did. At that time the Golden Rule Coal Company was indebted to Louise C. Wolnitzek, the mother of Paul, in the sum of $1,963, to the First National Bank of Covington $1,882, and to Paul L. Wolnitzek $157.50. After placing the proceeds of these checks to his individual credit, Paul L. Wolnitzek executed and delivered to Louise C. Wolnitzek a check for the amount of her debt against the Golden Rule Coal Company, one to the First National Bank for $899.23 as a payment on its indebtedness against the Golden Rule Coal Company; another to

himself for $157.50, the amount of his debt against the company, and a check to the Golden Rule Company for the balance of the proceeds of the checks which he had deposited to his individual credit. Prior to his delivery of the checks to the Latonia Deposit Bank, neither he nor the Golden Rule Coal Company did its banking business with the Latonia Deposit Bank. In January, 1927, the Golden Rule Coal Company was adjudged a bankrupt and Stuart Ducker was appointed its trustee in bankruptcy. As trustee he instituted this action, alleging that the foregoing facts establish a violation of section 3720b-19, Ky. Statutes (Negotiable Instrument Law), and by reason thereof he as trustee is entitled to recover of the Latonia Deposit Bank the amount of the checks so received and deposited with the appellee, which it permitted Paul Wolnitzek to handle as we have stated. Judgment was entered dismissing his petition. Hence this appeal.

The section of the statute, supra, provides that "the signature of any party may be made by an agent duly authorized in writing."

In Inter-Southern Life Insurance Co. v. First National Bank of Hazard, 178 Ky. 95, 198 S. W. 563, this section was given construction and effect that the payee of a negotiable instrument is not bound by his signature thereto unless it be made by himself or by an agent duly authorized in writing. This section effected a radical change in the laws of commercial paper recognized and in operation in this state prior to its enactment. The language of the section is sufficient to include the endorsement of a check or any other negotiable instrument. Commercial Bank v. Arden & Fraley, 177 Ky. 520, 197 S. W. 951, L. R. A. 1918B, 320; Finley v. Smith, Banking Commissioner, 165 Ky. 445, 177 S. W. 262, L. R. A. 1915F, 777; Ky. Title Savings Bank & Trust Co. v. Dunavan, 205 Ky. 801, 266 S. W. 667. The statute supra, and the rule enunciated in the cases above, have no application to facts in the present case.

The agreed statement of facts is silent relative to the authority of the president and general manager of the corporation to indorse the checks which he deposited in the Latonia Bank to his individual credit. The substance instead of the form of a transaction must control in its interpretation and in determining the rights or liabilities of the parties interested therein. Green v. Collett, 231 Ky. 215, 21 S. W. (2d) 252; Reiss v. Winter-

smith, 241 Ky. 470, 44 S. W. (2d) 609. After the checks were placed to the individual credit of the president and general manager, it appears from the agreed statement of facts that the corporation received the benefit of the deposited checks which were payable to it. The fact the checks were payable to the corporation and indorsed by it was notice to the bank of its ownership of those checks. With such knowledge, if it had permitted the president and general manager of the corporation to check in his name, and to pay the same out in satisfaction of his individual liabilities, and thus misappropriate their proceeds, the bank would by reason thereof be liable to the corporation for such misappropriation. Mitchell v. First National Bank, 203 Ky. 770, 263 S. W. 15; Seitz Co. v. Bank of Murray, 204 Ky. 115, 263 S. W. 685; Armour & Co. v. Bank of Lynch, 207 Ky. 203, 268 S. W. 1091; First National Bank v. Greene (Ky.), 114 S. W. 322; Taylor v. Harris' Adm'r, 164 Ky. 654, 176 S. W. 168; Farmers' & Traders' Bank of Shelbyville v. Fidelity & Deposit Bank of Maryland, 108 Ky. 384, 56 S. W. 671; First State Bank of Monterey v. Vories, 195 Ky. 96, 242 S. W. 18.

There was no misappropriation by the president and general manager of the proceeds of the checks. The corporation received the benefit of the amounts thereof by the individual checks of the president and general manager, payable to the creditors of the corporation and to the corporation itself. For the bank to be liable, the depositing of the checks to the individual credit of the president and the misappropriation by him thereafter must both concur. It is the misappropriation by the agent with knowledge thereof on the part of the bank, which determines its liability. Lincoln Court Realty Co. v. First National Bank, 187 Ky. 288, 219 S. W. 158; Skilman v. Miller, 7 Bush 428; Seitz Co. v. Bank of Murray, supra; Armour & Co. v. Bank of Lynch, supra. The Golden Rule Coal Company received the proceeds of the checks payable to, indorsed by it and placed to the credit, and in the name, of its president, and whatever may have been improper originally on his part was rectified by him when the proceeds of the checks were paid out for, and to, the corporation. It would be unconscionable for its trustee to recover on the facts the amounts thereof of the bank. Armour & Co. v. Lynch, supra; Skilman v. Miller, 7 Bush 428.

Wherefore the judgment is affirmed.