MIHOLEVICH v. MID-WEST MUTUAL AUTO INSURANCE CO.

1. DAMAGES—DELAY IN PAYMENT—INTEREST.
   For any mere delay in payment, interest is in law regarded as sufficient compensation.

2. INSURANCE—AUTOMOBILE INSURANCE—LIABILITY OF INSURER.
   When judgment within limits of automobile liability policy was recovered against insured, amount thereof became due and payable from insurer to him.

3. DAMAGES—BREACH OF CONTRACT.
   Damages recoverable for breach of contract are such as arise naturally from such breach or such as may reasonably be supposed to have been in contemplation of both parties at time they made contract as probable result of breach of it.

4. INSURANCE—DAMAGES—BREACH OF CONTRACT TO PAY JUDGMENT—CAPIAS AD SATISFACIENDUM—PRESUMPTIONS.
   Insured, unable to pay judgment against him arising out of automobile accident, who was imprisoned under body execution, is entitled to recover damages therefor against insurer who wilfully neglected to pay such judgment, which it was its legal duty to pay; it being presumed that both parties knew that in case of insured's default in paying such judgment he was liable to arrest.

Appeal from Wayne; Richter (Theodore J.), J. Submitted November 2, 1932. (Docket No. 163, Calendar No. 36,840.) Decided January 3, 1933.

Action by Tom Miholevich against Mid-West Mutual Auto Insurance Company for breach of an automobile liability policy. Judgment for plaintiff. Defendant appeals. Affirmed.

*Peter P. Boyle,* for plaintiff.

*Stewart A. Ricard,* for defendant.

As to damages recoverable for breach of contract within contemplation of parties, see annotation in 53 L. R. A. 41.

Sharpe, J. The following "statement of facts" appears in the brief of the appellant:

"The above cause has reached this court on case-made. Briefly stated, the essential facts are:

"Plaintiff procured of the defendant a policy of insurance which defendant admits is a liability coverage rather than indemnity. A judgment was rendered against the plaintiff, within the limits of the policy of insurance, while he was represented in court by the defendant, such action arising out of an automobile collision during the life of the said policy of insurance. The defendant later caused payment of the judgment to be made in full and obtained a release from the judgment creditor. Payment to the judgment creditor, however, was not made until after the plaintiff had been confined in the county jail by virtue of a body execution."

We add thereto, from the facts as agreed upon:

"Defendant admitted the allegations of the declaration and that it had wilfully neglected to satisfy the judgment. Plaintiff testified he had had no means with which to satisfy said judgment."

The plaintiff was confined in the jail from June 1 until June 6, 1931, and after his release he brought this action for breach of the contract on the part of the defendant, claiming damages in the amount of the judgment recovered against him and for his arrest and imprisonment. Pending the hearing, the defendant satisfied the judgment. The case proceeded to trial before the court without a jury, and resulted in a judgment for the plaintiff for $1,000, of which the defendant here seeks review by appeal.

The question involved, as stated by defendant's counsel, is:

"Has the assured a right of action against the company for anything other than the face value of

the policy together with interest upon its failure to seasonably satisfy judgment against the assured?''

Counsel rely upon the holding in *Clark* v. *Craig,* 29 Mich. 398, 402, that:

''For any mere delay in payment, interest is in law regarded as a sufficient compensation.''

That this is the general rule admits of no doubt, but it will be observed that in that case the court said: ''There is no evidence which shows culpable delay.''

In *Alderton* v. *Williams,* 139 Mich. 296, 300, it was said:

''In such cases the law presumes that the borrower can obtain money elsewhere, and the increased rate of interest therefore furnishes full compensation for his damages.''

But in that case, where a party defaulted in contributing to a joint adventure, it was held that ''he is liable for substantial damages.''

As stated by defendant's counsel, the coverage was liability and not indemnity. When the judgment was recovered against the plaintiff, a liability to satisfy it was imposed upon him by law. If unable to pay it, as it is conceded he was, the plaintiff in that action had the right to, and did, resort to a writ of *capias ad satisfaciendum* or body execution in an effort to enforce payment, and, as a result thereof, plaintiff was incarcerated for several days.

Under such a policy, when judgment was recovered against the insured, the amount thereof became due and payable from the insurer to him, ''and it was the legal duty of the company to pay it.'' *Voss* v. *Stranahan,* 248 Mich. 390, 392. Until payment was made, it might have been garnisheed by the judgment creditor. *Kipkey* v. *Casualty Association,* 255 Mich. 408, 409.

In *Anoka Lumber Co.* v. *Fidelity & Casualty Co.,* 63 Minn. 286. (65 N. W. 353, 30 L. R. A. 689), where an action was brought by the insured against the insurer on such a policy, the court said:

"If the plaintiff is forbidden to settle a claim for an accident of this kind, we fail to see how it is imperative upon him to pay a judgment rendered against him upon such claim, as a condition precedent to his right of recovery. The insurance company, by the terms of its own policy, has taken into its own hands the whole machinery for settling such claim, and will not allow the employer to do it."

The damages claimed by plaintiff are for a breach of defendant's contract to pay the judgment. In *Frederick* v. *Hillebrand,* 199 Mich. 333, 341, in which damages were claimed for a breach of contract, it was said:

"The damage which a party ought to receive in respect to such breach of contract may be said to be such as may fairly and reasonably be considered either as arising naturally—that is, according to the usual course of things—from such breach of contract itself, or such as may reasonably be supposed to have been in the contemplation of both parties at the time they made the contract, as the probable result of a breach of it."

The rule thus stated is in accord with that laid down in the English case of *Hadley* v. *Baxendale,* 9 Exch. 341 (156 Eng. Repr. 145, 23 L. J. Exch. 179, 18 Jur. 358, 5 Eng. Rul. Cas. 502), and has been followed quite generally by all the courts in this country. (See citations in footnote in 8 R. C. L. p. 455 *et seq.*)' Let us apply it to the facts in this case. The plaintiff was a man without means. He owned an automobile, and was aware of the fact that

a judgment might at some time be recovered against him for his negligence in driving it. It must be presumed that he knew that, if he did not pay such judgment, a body execution might issue against him. To protect himself from this liability he sought and secured the policy in question. The defendant must also be presumed to have known that, in case of plaintiff's default in payment, his arrest might follow. Must it not then be reasonably supposed that the liability to arrest to which plaintiff was exposed was in the contemplation of these parties at the time the contract was entered into? While there are many cases in which this rule of law has been so applied, we find none involving the question here presented.

The wilful neglect of the defendant to pay the judgment was not due to an oversight on its part. It resulted in the imprisonment of plaintiff, with the shame and mortification as well as loss of time incident thereto. A reasonable interpretation of the contract and the application of the law thereto justified the award of damages by the trial court. No claim is made that it is excessive.

The judgment is affirmed.

McDONALD, C. J., and CLARK, POTTER, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.