**SCOTTISH UNION & NATIONAL INS. CO. v. BEJCY et al.**

**No. 11576.**

United States Court of Appeals
Sixth Circuit.

Jan. 23, 1953.

164

Edward P. Frohlich, Detroit, Mich., Howard J. Ellis, Detroit, Mich., on brief, for appellant.

Robert A. Sullivan, Detroit, Mich., Wilber M. Brucker, Detroit, Mich., on brief; Clark, Klein, Brucker & Waples, Detroit, Mich., of counsel, for appellees.

Before SIMONS, Chief Judge, and ALLEN and McALLISTER, Circuit Judges.

SIMONS, Chief Judge.·

The appellant assails a judgment against it for a fire loss covered by its insurance policy and particularly the special and exemplary ·damages included in it because of its failure to pay.

The policy was issued on November 9, 1946 through the insurer's local agent, Schumann, covering household furniture at the home of the appellees, in the sum of $3,000.00. Subsequently, the furniture was moved to a storage warehouse and the agent notified of its removal. The appellees left for California by automobile on August 24, 1948 arriving there October 6, and on October 13 received word from the storage company that their furniture had been destroyed by fire on August 28th. They notified Schumann by letter on October 15th of the loss but were advised by the insurer, on October 25, 1948, that Schumann no longer represented the insurance company and that it did not know of the loss until receipt of the October 15th letter. The appellees notified the insurer directly of the loss, on November 30th. The insurer referred the matter to its representative in Detroit who instituted an investigation and by letter of December 10th denied liability and returned the unearned premium to the appellees. Schumann had been advised by the company in 1947 that it would not accept any risks in the location of the storage company.

The appellees instituted suit in July, 1949, seeking recovery of the face amount ·of the policy and in addition special damages. for mental anguish, medical expenses, rent of a furnished apartment, financing charges on money borrowed to purchase new furniture, loss of wages, illness, including ulcers, and loss of a down payment on the purchase of a new house. Overruling motions to dismiss and to strike the ad .damnum clause from the complaint, the court submitted to the jury the issue as to special damages in excess of the limits of the contract. A verdict for $7,500 and judgment thereon followed.

■ A number of issues may be summarily disposed of. The first relates to jurisdiction. The coverage of the policy being in the sum of $3,000, the appellants contend that the court was without jurisdiction by virtue of Title 28 U.S.C.A. § 1332, which limits federal jurisdiction to

cases where the amount in controversy exceeds $3,000, exclusive of interest and costs. The rule, however, is that the sum claimed by the plaintiff controls, if the claim is made in good faith, and it must appear to a legal certainty that the claim is for less than the jurisdictional amount to justify dismissal, St. Paul Mercury Indemnity Company v. Red Cab Company, 303 U.S. 283, 288, 58 S.Ct. 586, 82 L.Ed. 845. The appellees had, in good faith, reasonable expectation for recovery of special damages under Michigan law and the validity of such expectation could not be determined from the pleadings nor until after trial and review. The court was not in error in taking jurisdiction of their claim.

■ Another issue raised by the appellants is that the provisions of the policy, requiring the insured to render sworn proof of loss within sixty days after it occurred, were not complied with and the appellees were, therefore, barred from recovery. The law in Michigan is settled that when an insurance company denies liability for reasons other than imperfect compliance with the proof of loss provision it is estopped from objecting to its sufficiency. Lum v. United States Fire Insurance Company, 104 Mich. 397, 62 N.W. 562; Crystal Ice Company v. United Surety Company, 159 Mich. 102, 123 N.W. 619. The insured submitted to the insurer all of the information it had of the loss and payment was denied on the ground that Schumann's agency had been terminated and the furniture removed to the storage warehouse. Proof of loss was furnished within the sixty day period because under Michigan law that period does not begin to run until the insured has knowledge of the loss, Rogers v. Great Northern Life Insurance Company, 284 Mich. 660, 667, 279 N.W. 906. When an insured notified the company of a loss, the company makes an investigation and then denies liability on the grounds other than failure to file written proofs of loss, the proof of loss provision is waived and is no longer a condition precedent to the beginning of suit, Rood v. National Casualty Co., 296 Mich. 530, 537, 296 N.W. 672; Rogers v. Great Northern Life Insurance Com-

pany, supra; First State Savings Bank of Croswell v. National Fire Insurance Company, 244 Mich. 668, 671, 222 N.W. 116.

■ The remaining and principal issue is whether special damages were recoverable because arising naturally from the breach or within the contemplation of the parties at the time they entered into the contract. Michigan has no statute such as that in Tennessee which we considered in Niagara Fire Insurance Company v. Bryan & Hewgley, 6 Cir., 195 F.2d 154. There are similar statutes in Texas, Northwestern Life Insurance Company v. Sturdivant, 24 Tex.Civ.App. 331, 59 S.W. 61, in Iowa, Iowa Life Insurance Company v. Lewis, 187 U.S. 335, 23 S.Ct. 126, 47 L.Ed. 204, and other states. Where such provisions exist, they are held to be penal and to be strictly construed. It has been held in Southern Surety Company v. Motlow, 6 Cir., 61 F.2d 464 that an insurance company has a right to refuse to pay a claim so long as it has reasonable ground to believe that it has a meritorious defense and said in Kendrick-Roan Grain Elevator & Company v. Weaver, 128 Tenn. 609, 635, 163 S.W. 814, 821, that such statutes do "not penalize insurance companies for defending suits brought against them, even though they should ultimately lose." The inference is inescapable that statutory provisions for special damages are in derogation of the common law, that judge-made law is equally a departure therefrom, and that both must be strictly construed, if a contractual limit is not to control recovery.

The appellees rely mainly upon Miholevich v. Midwest Mutual Auto Insurance Company, 261 Mich. 495, 246 N.W. 202, 86 A.L.R. 633. The reasoning in that case invites analysis and its facts challenge comparison with those in the case at bar. There, the insurer had issued a liability policy protecting the owner of an automobile against actions arising out of an automobile collision. A judgment was rendered against the named insured within the limits of the policy while he was represented by the insurer. The insurer paid the judgment in full but not until after the insured had been confined in jail at the instance

of his judgment creditor, by virtue of a body execution. The insurer admitted that it had willfully neglected to satisfy the judgment and it was conceded that the insured had no means with which to satisfy it. The insured, after his release, brought suit for breach of contract, claiming damages for his arrest and imprisonment, and obtained judgment.

The Michigan Supreme Court affirmed. It recognized, however, that under Michigan law, Clark v. Craig, 29 Mich. 398, 402, that for mere delay in payment, interest is, in law, regarded as a sufficient compensation and that this is the general rule, Alderton v. Williams, 139 Mich. 296, 300, 102 N.W. 753. It reasoned, however, that the coverage of the policy in that case was for liability and not indemnity, that when the judgment was recovered against the insured, the liability to satisfy it was imposed upon him by law. If unable to pay it, the plaintiff in the action had the right to, and did, resort to a body execution in an effort to enforce payment, that when the judgment was recovered against the insured, the amount thereof became due and payable and it was the legal duty of the company to pay it. It applied the test of Frederick v. Hillebrand, 199 Mich. 333, 341, 165 N.W. 810, 812, where it was said: "The damage which a party ought to receive in respect to such breach of contract may be said to be such as may fairly and reasonably be considered either as arising naturally—that is, according to the usual course of things—from such breach of contract itself, or such as may reasonably be supposed to have been in the contemplation of both parties at the time they made the contract, as the probable result of a breach of it."

The distinction drawn by the court between liability and indemnity is not irrelevant. Miholevich was insured against liability for his own negligence and a judgment was recovered against him. Under Michigan law, the judgment could be enforced by a body execution, as it was. This may reasonably be said to be within the contemplation of parties to an automobile collision policy and what followed to be "in the usual course of things" if the insurer fails to pay and the insured cannot. Delay in satisfying the judgment was concededly willful.

Here, is presented a mere controversy in respect to indemnity for loss of property consumed by fire. The limit of liability is fixed in the contract. Denial of liability is not clearly frivolous nor willful. No judgment is extant against the insured, which the insurer was obligated to pay. While there is evidence that the insured became ill, suffered loss of time and money, incurred medical expenses, and suffered mental anguish, all in point of time after denial of liability, there is no proof that these injuries are the natural or usual result of the failure of an insurer to carry out the obligations of its contract. Their causal relation to the breach is purely speculative. Certainly, there is nothing in the record to show that the insurer knew, or should have known, that the appellees would store their furniture and go to California, that they would become ill, suffer from ulcers, borrow money, or make a payment on a house. We know of nothing in the doctrine of Erie Railroad Company v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, requiring us, in ascertaining State law, to extend a local judicial doctrine to circumstances far removed from those to which it has been applied and based upon reasoning not clearly applicable to facts here involved. To extend the coverage of an ordinary fire insurance policy and so to enlarge the hazard which an insurer assumes that everything injurious, which may follow in point of time a failure to pay a loss, would result in so great an increase in the cost of insurance as to make protection unavailable to most persons, and render actuarial studies a useless guide.

The court was in error in submitting the issue of special damages to the jury upon the facts of record. The judgment must be set aside. The cause will be remanded for the entry of a judgment in the sum of $3,000, with interest @ 5% from November 30, 1948 to the date of payment, unless the appellees shall file within twenty days

a remittitur of such part of the judgment as exceeds $3,000, American Radiator Company v. Foster, 6 Cir., 98 F.2d 135, 138. Costs will be recovered by the appellant.

Reversed and remanded for further proceedings consistent herewith.