Nannie **SULLIVAN**, Plaintiff,

v.

**FARMERS BANK & TRUST COMPANY,** etc., Defendant.

No. 779.

United States District Court E. D. Kentucky.

Oct. 26, 1956.

---

3.  Cf. Burr v. Sherwin Williams Co., 42 Cal.2d 682, 693, 268 P.2d 1041.

J. Milton Luker, London, Ky., E. Wert Boltz, Newport, Ky., for plaintiff.

Glenn H. Stephens, Williamsburg, Ky., for defendant.

FORD, Chief Judge.

The plaintiff invokes diversity jurisdiction of this Court under 28 U.S.C.A. § 1332 to recover the sum of $3,645.18, the total amount of 33 checks paid by the defendant bank from the plaintiff's personal account alleging that her signatures appearing upon all of such checks were either forged or affixed without her knowledge, consent or authorization.

Since all the checks referred to in the complaint are negotiable instruments, the plaintiff relies for recovery upon the provisions of the Negotiable Instruments Law of Kentucky set out in §§ 356.019 and 356.023 of the Kentucky Revised Statutes as follows:

"356.019. Signature by agent. The signature of any party may be made by an agent duly authorized in writing."

"356.023. Forged or unauthorized signature. When a signature is forged or made without the authority of the person whose signature it purports to be, it is wholly inoperative, and no right to retain the instrument, or to give a discharge therefor, or to enforce payment thereof against any party thereto, can be acquired through or under such signature, unless the party against whom it is sought to enforce such right is precluded from setting up the forgery or want of authority."

As interpreted by the Kentucky Court of Appeals, the effect of the above mentioned statute, § 356.019, is to require that the signature of any party to a negotiable instrument by an agent "must" be duly authorized in writing, Finley v. Smith, 165 Ky. 445, 448, 177 S. W. 262, L.R.A.1915F, 777; Inter-Southern Life Insurance Co. v. First National Bank, 178 Ky. 95, 198 S.W. 563, and the effect of this statute may not be nullified by parol authorization or ratification of such signature. Clinton v. Hibbs' Ex'x, 202 Ky. 304, 259 S.W. 356, 35 A.L.R. 462; Dalton v. Shelton, 267 Ky. 40, 42, 101 S.W.2d 208. The two statutes above referred to must be read together, National Deposit Bank of

Owensboro v. Ohio Oil Company, 250 Ky. 288, 62 S.W.2d 1048, and the word "precluded", as used in KRS § 356.023, is synonymous with estopped. Embry v. Long, 256 Ky. 266, 268, 75 S.W.2d 1036.

The case was tried to the Court without the intervention of a jury. It is undisputed that the signatures of the plaintiff upon the checks in question were made by plaintiff's former husband, John Sullivan, without her authority in writing.

Among the checks sued upon was one for $1,725 payable to plaintiff's brother for land which was conveyed to plaintiff and which she later sold for a profit. When it was made clear from the evidence that the plaintiff thus received the benefit of this check, she withdrew her claim for it and thereby reduced the amount in controversy to less than the amount essential to confer federal jurisdiction.

Rule 12(h) (2) of the Federal Rules of Civil Procedure, 28 U.S.C.A., provides: "(2) that, whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." The same rule further provides: "The objection or defense, if made at the trial, shall be disposed of as provided in Rule 15(b) in the light of any evidence that may have been received."

Upon the authority of this rule, the defendant moved that the action be dismissed for lack of jurisdiction and, by agreement of the parties, the motion is submitted upon the testimony in the record including the deposition of plaintiff taken as on cross examination and filed herein.

In explanation of her resort to her right under the statute to recover from the bank on account of its payment of this check for $1,725 without her authority in writing, the plaintiff testified, in substance: That the transaction referred to was a purchase by her husband of the same land which she had inherited from her father and had sold and conveyed to her brother a short time before it was re-acquired; that her husband had received and placed the proceeds derived from the sale to their joint account and had refused to transfer it to her individual account; that the repurchase of the land was for the agreed purpose of so utilizing the fund which her husband had thus kept from her individually; that she did not know that the funds were transferred to her individual account, and, when that fact was disclosed by the evidence, her claim for the amount of the unauthorized check was withdrawn.

Where, as here, the sum claimed by the plaintiff is for the jurisdictional amount, and the claim is *apparently* made in good faith, the inability of the plaintiff to recover the jurisdictional amount does not show bad faith or oust the jurisdiction. Under such circumstances, the case may be dismissed for lack of jurisdiction only, if, from the proof, the Court is satisfied to a legal certainty that the plaintiff never was entitled to recover the requisite jurisdictional amount and that the claim was therefore colorable for the purpose of conferring jurisdiction. St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 288–289, 58 S.Ct. 586, 82 L.Ed. 845. "In short, the fact of a valid defense to a cause of action, although apparent on the face of the petition, does not diminish the amount that is claimed, nor determine what is the matter in dispute; * * *." Smithers v. Smith, 204 U.S. 632, 643, 27 S.Ct. 297, 300, 51 L.Ed. 656.

Unless precluded by one or more of the defenses asserted herein, the plaintiff's right to recover the amount of the check of $1,725 seems clear under the statutory provisions above set out and, consequently, a finding that the claim of the plaintiff, as originally asserted, was entirely specious and merely for the purpose of conferring jurisdiction appears unwarranted. The motion to dismiss the case for lack of jurisdiction is, therefore, denied. Compare Calhoun v. Kentucky-West Virginia Gas Co., 6 Cir., 166 F.2d 530, and Scottish Union & Na-

tional Ins. Co. v. Bejcy, 6 Cir., 201 F.2d 163, 37 A.L.R.2d 534.

Upon consideration of the merits of the case, the evidence is insufficient to show that plaintiff knew that, during the time referred to in the complaint, the defendant paid checks from her personal account which she did not sign and to which she did not authorize her husband to affix her signature. The defenses resting upon claims of estoppel by reason of the plaintiff having remained passive and silent in respect to such unauthorized checks are untenable. Embry v. Long, 256 Ky. 266, 269, 75 S.W.2d 1036.

However, notwithstanding the manifest error on the part of the defendant bank in paying the checks in question without written authority of plaintiff, the evidence shows that she received the benefit not only of the check to her brother of $1,725 and the check to Howard Faulkner of $50 of August 1, 1949, as to both of which she withdrew her claim, but she also received the benefit of deposits to her personal account by her husband from his personal funds in the amount of $892.02, and the following checks which the evidence shows were paid directly to her creditors, namely: Three (3) checks to C. A. Moss amounting to a total of $165, copies of which are filed with the complaint as Exhibits AA, DD, and EE; and four (4) checks payable to Ray Siler amounting to $200, copies of which are filed with the complaint as Exhibits Y, Z, BB and CC.

Under the facts shown in this case, it would obviously be unconscionable for the plaintiff to recover from the bank the sum of the above mentioned items for which she received full benefit, and to the extent thereof her claims are denied, leaving the balance due her of $613.16. Ducker v. Latonia Deposit Bank, 242 Ky. 374, 376, 46 S.W.2d 493; Gish Banking Co. v. Leachman's Adm'r, 163 Ky. 720, 174 S.W. 492, L.R.A.1915D, 920.

Judgment will be entered accordingly.