LOUISE VANDERPOOL v. JEREMIAH O. RICHARDSON.

*Breach of promise—Letters in evidence—Exemplary damages.*

1. It is not clearly error to permit a father to testify in a breach of promise

suit brought by his daughter that after he had given his consent to defendant upon the latter's telling him that the lady had consented to marry him, the pair conducted themselves towards each other as though they were engaged. This is not to show the mutual promise but to show that defendant trifled with plaintiff's affections.

2. Surmises and conclusions of witnesses, based on what they have observed of mutual behavior, are not sufficient to prove a promise of marriage; the facts observed should be shown.

3. Where plaintiff in a breach of promise suit has put her letters to defendant in evidence, defendant may put in evidence the replies.

4. In a suit brought by a woman for breach of promise, the plaintiff may show that she has no independent means, and may put in evidence the letters written by her to defendant before he broke the engagement. And the jury may consider the length of the engagement, and give damages for injury to her feelings or reputation, or any circumstances of indignity.

Error to Kalamazoo.    (Mills, J.)    Oct. 30.—Dec. 21.

CASE.    Defendant brings error.    Affirmed.

*George M. Buck* for appellant.

*Henry F. Severens* for appellee.    In a breach of promise suit the whole conduct of the parties from the beginning of their relations to defendant's refusal to marry is res gestæ. *Baldy v. Stratton* 11 Penn. St. 316; *Tubbs v. Vankleek* 12 Ill. 446; *Wade v. Kalbfleisch* 58 N. Y. 285; *Reed v. Clark* 47 Cal. 194; injury to feelings or reputation, and any circumstances of indignity or disgrace to plaintiff may be considered: *Bennett v. Beam* 42 Mich. 346; *Grant v. Willey* 101 Mass 356; *Smith v. Woodfine* 1 C. B. (N. S.) 660; *Berry v. DaCosta* L. R. 1 C. P. 331; Sedgwick on Damages [369]; so may the fact whether plaintiff has a home of her own or has to live upon others: *Miller v. Rosier* 31 Mich. 475.

COOLEY, J.  This suit was instituted for breach of promise of marriage.    The plaintiff recovered judgment, which is now brought here by writ of error.

The promise is alleged to have been made in 1878 while plaintiff was residing with her father in California.    The

father testified on her behalf that early in January, 1879, the defendant came to him and, after remarking that he supposed his attentions to the plaintiff must be known to the witness, went on to say that he had her consent to become his wife, and now desired the consent of her father. The consent was given, and defendant said he should go to Michigan in a few days to attend to business, but would return in the following May, and remain until just before Christmas, and would then take plaintiff back as his wife to spend the holidays with his folks. The witness was then asked whether from that time he observed whether the defendant and the plaintiff conducted themselves towards each other as though they were engaged to be married. This was objected to, but the objection was overruled and he answered that they did.

The objection to such evidence is said to be that it submits to the jury the conclusions of the witness upon the facts, instead of giving them the facts themselves from which it is to be supposed they are as competent to draw conclusions as the witness is. *Leckey v. Bloser* 24 Penn. St. 407. Here the fact to be proved was the mutual promise, and we agree with counsel for defendant that this ought to be made out on better evidence than the surmises and conclusions of witnesses, based upon what they observed of mutual behavior. It is not their province to draw deductions from the facts, but they must submit the facts to the tribunal appointed by law to judge of them. But in this case we have something more than the deductions of the witness. His evidence upon the main issue was very important and very positive, and what he said about conduct did not so much tend to prove a promise—for which, indeed, it was not needed if his other evidence was believed—as to show that after the promise the defendant trifled with the plaintiff's affections. The witness was not inferring a promise from conduct, but he was noting the conduct in the light of the promise which had been disclosed to him; and in connection with his other evidence we cannot say there was error in permiting him to answer the question put to him.

The court also permitted the plaintiff to put in evidence letters which she had written to the defendant before, as she claimed, he had done anything to terminate the engagement. This was entirely proper. The defendant might have put the replies in evidence had he seen fit to do so.

The plaintiff was also suffered, in answer to the question whether she had any property of her own, to say that she had none. *Pennsylvania Co. v. Roy* 102 U. S. 451, is relied upon as authority against this evidence. The suit in that case was brought to recover damages for a personal injury, and the court very properly held that these damages did not at all depend upon the wealth or poverty of the plaintiff. But when the suit is for the loss of a marriage and of an expected home, the fact that the plaintiff is without the means to provide an independent home for herself is not entirely unimportant. It may be supposed to be one of the facts which both parties had in mind in making their arrangements ; and it is not improper that the jury should know of it also and take it into account in making up their verdict.

In his charge to the jury the judge told them they might take into consideration the length of time the engagement had continued between the parties. Exception was taken to this, but it was a very proper direction. He also told them that if they should find that the defendant wantonly, willfully and causelessly broke the engagement, they might in their estimation of damages consider the injury to the plaintiff's feelings and reputation, and any circumstances of indignity under which the wrong was done, and the consequent public disgrace to the plaintiff, together with any other circumstances belonging to the wrongful act tending to the plaintiff's discomfort. This is complained of as having no evidence to support it. But we do not think the case is entirely without evidence to justify such a charge. The proofs tended to show that the engagement was made known to the lady's immediate friends ; that it was broken without cause or warning by a marriage with another, and that then the defendant denied ever making it. There were certainly in these facts circumstances of

mortification, and their tendency was to bring the plaintiff into public disgrace. We find no error in this or in any of the other rulings complained of, and

The judgment must be affirmed with costs.

GRAVES, C. J. and CAMPBELL, J. concurred. SHERWOOD, J. did not sit in this case.