BRABANT v. MICHIGAN CONSOLIDATED GAS COMPANY.

1. DAMAGES—MENTAL ANGUISH—BREACH OF CONTRACT—PLEADING.
   No recovery for mental anguish as an element of damages for breach of contract is allowed, where plaintiff's complaint neither alleges a contract nor the breach of a contract.

2. SAME—MENTAL ANGUISH—FRAUD—PLEADING.
   Complaint by elderly woman who conveyed an easement across her property for a gas line failed to state a cause of action for fraud entitling her to damages for mental anguish, where averments of fraud or mistake failed to set forth circumstances of any fraud or mistake with particularity (GCR 1963, 112.2).

Appeal from Genesee; Newblatt (Stewart A.), J. Submitted Division 2 November 3, 1965, at Lansing. (Docket No. 928.)    Decided December 20, 1965.

Complaint by Armene L. Brabant against Michigan Consolidated Gas Company for cancellation of deed granting an easement and for damages because of mental torture.    Summary judgment based on defendant's offer to return easement and pay costs only.    Plaintiff appeals.    Affirmed.

*Joseph & Joseph (Joseph R. Joseph,* of counsel), for plaintiff.

*Dutchess, Mika, Miles, Meyers & Snow (John C. Jones,* of counsel), for defendant.

FITZGERALD, J.    Plaintiff, described in her brief as an elderly lady, granted an easement to defendant

gas company to construct a gas line across her property in return for the consideration of $1. She was told by defendant that the gas line would neither damage her property nor affect its value. Plaintiff later discovered that the easement she had signed contained the following clause:

"Grantor agrees that during the life of this easement no structure will be erected or placed on said premises."

Plaintiff brought suit seeking cancellation of the easement and damages for mental anguish, claiming that the easement was tantamount to a sale of her property for $1.

Defendant filed an offer of judgment providing for the return of the unrecorded easement and payment of plaintiff's costs and fees under GCR 1963, 519. The offer of judgment was not accepted by plaintiff.

At pretrial conference, the parties agreed that the only issue to be decided was plaintiff's right to recover for "mental anguish and emotional distress". Defendant moved for summary judgment on this question and the parties agreed that, in the event the motion was granted, judgment would enter in accord with the terms of defendant's previous offer of judgment.

The trial court granted plaintiff 15 days to "specify in detail what damages plaintiff seeks and to supply law in support of the plaintiff's right to recover." The requested specification was not forthcoming and judgment was entered ordering defendant to return the unrecorded easement and pay plaintiff costs of $32.75. Plaintiff brings this appeal.

Plaintiff states the question on appeal as follows:

"Is an elderly lady entitled to recover for mental suffering caused by the defendant representing to her that the signing of a certain easement would not affect her property in any way and then she

discovers that the easement contained the clause 'grantor agrees that no structure shall be placed on said premises'?"

Defendant is perhaps a bit more succinct in its statement of the question on appeal as: "Does plaintiff's complaint state a cause of action for 'mental torture' or mental anguish?"

Certainly these are not bifurcated statements of the issue before us and taken together set forth everything before this Court. The opinion herein can be said to encompass them both.

Recovery for mental anguish is no stranger to the law, though many inflexible guidelines have been drawn around it. The fact situation here suggests two possible applications of rules governing damages for mental anguish.

More specifically, in suits for breach of contract, mental anguish may be an element of damages. *Stewart* v. *Rudner* (1957), 349 Mich 459. Here, however, plaintiff's complaint furnishes us with no contract, express or implied, nor does it allege any breach of a contract.

The remedy of an action for fraud or misrepresentation with attendant mental anguish might have been open to plaintiff in this case, but once again, the complaint fails to state any specific misrepresentations by defendant. Though the prayer for relief asks that plaintiff "be awarded damages for the fraud and misrepresentation of the defendant," GCR 1963, 112.2 was not complied with in its direction that "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."

The record is devoid of any attempt on the part of plaintiff to amend, but rather, demonstrates unequivocally that plaintiff elected to stand on the footings of the pleadings as they were originally

filed. Those footings prove to be a shaky foundation for a fact situation such as presented here.

In the absence of an allegation of contract and its breach or fraud, misrepresentation, or some other actionable wrong, we must hold with the trial judge, that no cause of action was stated, nor can any be implied.

Affirmed. Costs to appellees.

McGregor, P. J., and T. G. Kavanagh, J., concurred.