FRISHETT *v.* STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY.

1. TORTS — INTENTIONAL — MENTAL SUFFERING — NO ACCOMPANYING
PHYSICAL INJURY — LIABILITY.
Defendant is liable for mental suffering, and bodily harms re-
sulting therefrom, inflicted intentionally on plaintiff without
accompanying physical injury, when it is not privileged to
inflict mental suffering.

2. SAME—MENTAL SUFFERING—INSURANCE—ACTION.
Plaintiff stated cause of action by alleging the making of false
statements by defendant insurer, unjust withholding of medical
payments due under policy, and overreaching in obtaining pri-
vate and personal information for use by defendant as insurer
of other party in collision, all of which is alleged to have
caused distress and emotional upset of plaintiff as intended
by defendant, which was also insurer of car in which plaintiff's
husband was killed and her daughter severely injured.

3. SAME—EMOTIONAL DISTRESS—INTENTIONAL TORT—LIABILITY.
Defendant is liable for intentionally causing severe emotional
distress in those situations in which its conduct has gone be-
yond all reasonable bounds of decency, conduct considered as
outrageous and intolerable.

Appeal from Oceana; Van Domelen (Harold), J.
Submitted Division 3 February 9, 1966, at Grand
Rapids. (Docket No. 1,271.)  Decided July 12, 1966.
Leave to appeal denied by Supreme Court October 8,
1966. See 378 Mich 733.

REFERENCES FOR POINTS IN HEADNOTES
[1, 3] 52 Am Jur, Torts §§ 49, 58.
[2] 29A Am Jur, Insurance § 1696.
Damages recoverable from insurer for failure or delay in making
payments due under contract.  37 ALR2d 538.

Complaint by Lillian Frishett against State Farm Mutual Automobile Insurance Company to recover damages for mental suffering allegedly inflicted intentionally by defendants in the course of settling a claim. Summary judgment for defendant. Plaintiff appeals. Reversed and remanded for trial.

*Robert L. Miles* for plaintiff.

*White, Spaniola & Knudsen* (*James R. Stariha,* of counsel), for defendant.

Burns, J. The question before this Court is whether the plaintiff may recover damages for mental suffering caused by deliberate acts done with the intent to cause such mental suffering.

The trial court granted the defendant a summary judgment of no cause of action, and stated:

"The Michigan courts have adopted the rule as set out in *Nelson* v. *Crawford* (1899), 122 Mich 466 (80 Am St Rep 577), that there can be no recovery for mental distress unless accompanied by a physical injury."

The complaint alleges that the plaintiff's husband was killed in an automobile accident when his automobile collided with a vehicle driven by one Henry Vandenhauvel, and that in the same accident her daughter was severely injured. Defendant was the insurance carrier for both vehicles involved in said accident.

Plaintiff alleges the agents of the defendant, using their status as insurers of the plaintiff, in addition to making false statements and unjustly withholding medical payments, overreached and obtained private and personal information for the use of the insurance company as insurer for the Vandenhauvel vehicle. That as a result of the aforementioned con-

duct of the defendant, the plaintiff became distressed and suffered an emotional upset.

The *Nelson Case, supra,* which was decided in 1899, quoted on page 468 from *Mitchell v. Rochester Railway Co.,* 151 NY 107, 110 (45 NE 354, 355, 34 LRA 781, 783, 56 Am St Rep 604, 605):

" 'If the right of recovery in this class of cases should be once established, it would naturally result in a flood of litigation in cases where the injury complained of may be easily feigned without detection, and where the damages must rest on mere conjecture or speculation. The difficulty which often exists in cases of alleged physical injuries, in determining whether they exist, * * * would not only be greatly increased, but a wide field would be opened for fictitious or speculative claims. To establish such a doctrine would be contrary to principles of public policy. * * * We think the most reliable and better-considered cases, as well as public policy, fully justify us in holding that the plaintiff cannot recover for injuries occasioned by fright, as there was no immediate personal injury.' "

The *Mitchell Case* has been followed in the majority of jurisdictions in this country, although there have been some exceptions where the courts have distinguished cases from the *Mitchell Case.*

In *Continental Casualty Company* v. *Garrett* (1935), 173 Miss 676 (161 So 753), the supreme court of Mississippi upheld a verdict of the trial court granting damages to the plaintiff, for the abuse by an insurance agent in going into the home of the claimant and calling him a liar and charging him with an attempt to defraud the insurance company. The court based its decision on the right of the occupant to enjoy the home free from hostile intrusions.

Michigan has allowed damages for mental suffering resulting from a breach of contract. In *Stewart*

v. *Rudner* (1957), 349 Mich 459, the Court upheld a jury verdict against an osteopathic physician for his breach of contract to perform a timely Caesarean section.

Again, Michigan has recognized in a workmen's compensation case that injuries may result from an emotional stress without physical impact taking place, and has granted compensation under the circumstances. *Carter* v. *General Motors Corporation* (1960), 361 Mich 577.

The court of appeals of New York, in 1961, flatly overruled the *Mitchell Case* in *Battalla* v. *State of New York* (1961), 10 NY2d 237, 239, 240 (219 NYS 2d 34, pp 35, 36) stating:

"The *Mitchell Case* decided that there could be no recovery for injuries, physical or mental, incurred by fright negligently induced.

"It is our opinion that *Mitchell* should be overruled. * * *

"It is fundamental to our common-law system that one may seek redress for every substantial wrong. 'The best statement of the rule is that a wrongdoer is responsible for the natural and proximate consequences of his misconduct; and what are such consequences must generally be left for the determination of the jury.' *Ehrgott* v. *Mayor of City of New York*, 96 NY 264, 281."

The New Jersey court in the case of *Falzone* v. *Busch* (1965), 45 NJ 559 (214 A2d 12), overruled the principle that where there is no physical impact upon the plaintiff there can be no recovery for bodily injury or sickness resulting from negligently induced fright, which was the result of *Ward* v. *West Jersey & Seashore R. Co.*, 65 NJL 383 (47 A 561), which in turn cited the *Mitchell Case.* In the *Falzone Case, supra*, p 569, (214 A2d 17), the Court stated:

"Our conclusion is that *Ward* should no longer be followed in New Jersey. We are not dealing

with property law, contract law or other fields where stability and predictability may be crucial. We are dealing with torts where there can be little, if any, justifiable reliance and where the rule of *stare decisis* is admittedly limited. \* \* \* We hold, therefore, that where negligence causes fright from a reasonable fear of immediate personal injury, which fright is adequately demonstrated to have resulted in substantial bodily injury or sickness, the injured person may recover if such bodily injury or sickness would be regarded as proper elements of damage had they occurred as a consequence of direct physical injury rather than fright."

This case is distinguishable from *Nelson* v. *Crawford, supra,* where the Court said on page 471:

"In this case there is no evidence that defendant *intended any wrong,* or contemplated, or can be held to have contemplated, the consequences alleged to have followed his acts. \* \* \* Under these circumstances and the authorities above cited, we think the instruction of the court was correct." (Emphasis supplied.)

In the case before us the appellant has alleged the acts of the defendant were *intended* to inflict extreme mental suffering.

In our opinion the law of Michigan as set forth in *Stewart* v. *Rudner, supra,* and *Carter* v. *General Motors Corporation, supra,* is consistent with the principles enunciated in the Restatement of the Law, 1948 Supp, Torts § 46:

"One who, without a privilege to do so, intentionally causes severe emotional distress to another is liable (a) for such emotional distress, and (b) for bodily harm resulting from it."

and as continued in comment (g) under the aforementioned section:

"In short, the rule stated in this section imposes liability for intentionally causing severe emotional distress in those situations in which the actor's conduct has gone beyond all reasonable bounds of decency. The prohibited conduct is conduct which in the eyes of decent men and women in a civilized community is considered outrageous and intolerable. Generally, the case is one in which the recitation of the facts to the average member of the community would arouse his resentment against the actor and lead him to exclaim 'Outrageous!'."

The judgment of the trial court is hereby reversed and the cause remanded for trial with proceedings consistent with this opinion. Costs to the appellants.

HOLBROOK, P. J., and McGREGOR, J., concurred.