### AVERY v. ARNOLD HOME, INC.

1. CONTRACTS — BREACH — MENTAL ANGUISH — PHYSICAL INJURY — DAMAGES.

    Damages may be awarded for mental anguish arising from breach of contract despite lack of physical injury, if the contract is of a personal, as distinguished from commercial, nature.

REFERENCES FOR POINTS IN HEADNOTES

[1] 38 Am Jur 2d, Fright, Shock etc. §§ 33–35.
[2, 3] 22 Am Jur 2d, Damages § 78.
[4, 5] 5 Am Jur 2d, Appeal and Error § 879.

2. CONTRACTS—BREACH—IMPLIED AND EXPRESS CONTRACTS—DAM-
AGES.

   No distinction exists between the damages available for breach
   of an implied contract and damages available for breach of
   an express contract.

3. CONTRACTS—IMPLIED TERMS—DAMAGES.

   Duty under a contract may be implied even though part of the
   contract is express, and breach of the implied duty has the
   same damage remedy it would have had if that duty had been
   express.

4. JUDGMENT — SUMMARY JUDGMENT — PLEADING — MOTION TO DIS-
MISS.

   Each well-pleaded material allegation of a complaint must be
   accepted as true on appeal from an order granting a defend-
   ant's motion to dismiss.

5. PLEADING—FACTS—CONCLUSIONS—MOTION TO DISMISS—SUMMARY
JUDGMENT.

   Distinctions between averments of fact and conclusions in a
   complaint should not be too critically considered for purposes
   of deciding a motion to dismiss by summary judgment.

Appeal from Wayne, James N. Canham, J. Sub-
mitted Division 1 March 5, 1969, at Detroit. (Docket
No. 5,329.)  Decided April 23, 1969. Rehearing
denied May 23, 1969.

Complaint by Lyman B. Avery against Arnold
Home, Inc., a Michigan corporation, for damages
on implied contract for failure to notify plaintiff of
his mother's impending death. Summary judgment
for defendant. Plaintiff appeals. Reversed and
remanded.

*Lyman B. Avery, in propria persona.*

*Plunkett, Cooney, Rutt & Peacock (Charles T.
McGorisk,* of counsel), for defendant.

BEFORE: Lesinski, C. J., and Fitzgerald and V. J. Brennan, JJ.

Lesinski, C. J. This is an appeal by plaintiff from a summary judgment of no cause of action granted defendant in Wayne County Circuit Court on December 27, 1966.

The action involves an agreement between plaintiff and defendant by which defendant contracted to provide care, room and board to plaintiff's mother. Plaintiff contended in his complaint that this agreement contained an implied contract requiring defendant to reasonably notify plaintiff in the event of illness of his mother. In recognition of this duty to keep plaintiff reasonably informed, plaintiff alleged in his amended complaint that defendant, on numerous occasions, telephoned plaintiff to inform him of confinement of his mother to bed because of illness and to explain the nature of the illness.

Plaintiff's allegations indicate that his mother was examined by defendant's house doctor in the morning of February 28, 1963, and was found to be suffering from "left ventricular failure" and from "rales of both bases". Plaintiff further alleged that defendant knew plaintiff's mother was seriously or critically ill on February 28, 1963, yet failed to inform plaintiff of her worsening condition until approximately 12:30 p.m. on March 1, 1963. It is plaintiff's allegation that even when defendant eventually telephoned plaintiff, defendant failed to inform plaintiff of the seriousness of the illness. Plaintiff's mother died at 4:05 p.m. on March 1, 1963.

Plaintiff further alleges that as a result of the failure of defendant to inform him, he was not present at the moment of his mother's death and consequently he suffered great sorrow, grief and mental anguish.

The circuit court, in granting summary judgment of no cause of action, based its opinion on two conclusions. First, the court concluded that a plaintiff cannot recover under an *implied* contract which is personal in nature, where plaintiff's only injury is mental anguish and the defendant is not shown to have caused the injury intentionally.

The Supreme Court of Michigan in *Stewart* v. *Rudner* (1957), 349 Mich 459, clearly recognized the right of a plaintiff to recover for mental anguish arising out of a breach of contract despite the lack of any physical injuries to plaintiff. There, the defendant doctor, in an express contract with plaintiff, agreed to arrange for the performance of a Caesarean operation. The operation was not performed and plaintiff's baby was stillborn. Plaintiff therefore instituted suit on the contract for mental anguish and distress. In an opinion reviewing prior case law the court allowed recovery, stating regarding contracts personal in nature that "breach of duty with respect to such contracts will inevitably and necessarily result in mental anguish, pain and suffering".[1]

Both defendant and the circuit court seek to distinguish the instant case from the *Stewart Case* on the ground that *Stewart* involved an *express* contract while the instant case is based on an *implied* contract. The defendant and the circuit court argue *Stewart* is inapplicable to implied contracts. We disagree. We find no support in *Stewart* for a distinction in damages available under implied as opposed to express contracts. Furthermore, we find no logical basis for such a distinction. This Court in *Redinger* v. *Standard Oil Company* (1967), 6 Mich

---

[1] Personal contracts such as involved in *Stewart* v. *Rudner* (1957), 349 Mich 459, and in the instant case should be contrasted with commercial contracts such as involved in *Jankowski* v. *Mazzotta* (1967), 7 Mich App 483.

App 74, has indicated that even though part of a contract is express, a defendant's duty under the contract may be implied. When that duty is implied, breach of duty subjects the defendant to the same damage remedies as if that duty had been express.[2] The courts do not have two different sets of damage remedies, one for express and the other for implied contracts.[3]

The second conclusion of the circuit court in finding no cause of action was that plaintiff provided the court no basis from which to assume that there was an implied obligation or duty of the defendant which it breached.

On appeal from an order granting a defendant's motion to dismiss, each well-pleaded material allegation of a complaint must be accepted as true. *Flynn* v. *Brownell* (1963), 371 Mich 19. In examining a pleading to determine whether it sufficiently states a cause of action, the Michigan Supreme Court, in *Flynn, supra,* stated:

" 'Frankly, the distinction between averments of ultimate fact and mere conclusions of the pleader is not always too easy to make. But the modern tendency is not to regard such distinctions too critically, and, as the supreme court of one of our neighboring States has well said, "it will not do to pursue too far metaphysical distinctions between allegations of fact and conclusions of law." ' "

The *Flynn* court added that, though the plaintiff's complaint was couched in conclusionary terms, for

---

[2] See, generally, *State Mutual Cyclone Insurance Company* v. *O & A Electric Cooperative* (1968), 381 Mich 318, 325 (where the Court in a statute of limitations issue refused to distinguish between actions on express and on implied contracts).

[3] See *Brabant* v. *Michigan Consolidated Gas Company* (1965), 2 Mich App 107 (where this Court looked to whether either an express or an implied contract existed in determining if damages for mental anguish were recoverable).

the purposes of the motion to dismiss it sufficiently stated a cause of action.

In the instant case, plaintiff's complaint alleged existence of an implied contract and recognition of this contract by defendant through informative phone calls to plaintiff. While these allegations of implied contract were expressed in conclusionary terms, we find, as in the *Flynn Case, supra,* that they sufficiently state a cause of action to enable the plaintiff to avoid summary judgment. We leave for trial court determination the question of whether plaintiff can produce sufficient evidence of the implied contract to avoid a directed verdict.

Assuming truth of plaintiff's allegations of existence of an implied contract, breach of such contract causing mental anguish results in recoverable damages.

The order granting the motion to dismiss is vacated and the case is remanded for hearing. Costs to appellant.

All concurred.