Kenneth L. BOLDEN, Plaintiff,

v.

JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY, a Foreign Corporation, Defendant.

Civ. A. No. 74–72656.

United States District Court, E. D. Michigan, S. D.

Oct. 28, 1976.

Robert A. Kozlow, Southfield, Mich., for plaintiff.

Dickinson, Wright, McKean, Cudlip & Moon, Detroit, Mich., by Kenneth J. McIntyre, Detroit, Mich., for defendant.

## MEMORANDUM OPINION

GUBOW, District Judge.

The court has before it defendant John Hancock's motion for partial summary judgment as to counts two and three of plaintiff's complaint.

This is a diversity action in which plaintiff sues his insurer for disability benefits under the insurer's group policy issued to Ford Motor Company, plaintiff's former employer. The three counts of the complaint respectively allege breach of contract, intentional infliction of emotional distress, and breach of fiduciary duty. Plaintiff seeks ten thousand dollars ($10,000.00) for the breach of contract claim and two million two hundred and twenty-five thou-

sand dollars ($2,225,000.00) for the tort claims in counts two and three.

Defendant argues that both counts two and three fail to state a claim because they seek punitive damages for breach of contract and because they make legal conclusions unsupported by facts. While the former argument goes to the emotional distress count, defendant fails to specifically discuss why the breach of fiduciary duty count should be considered with the emotional distress count. Plaintiff argues that counts two and three make out torts separate from the breach of contract action and should be recognized as legitimate causes of action.

It is clear that if plaintiff seeks to recover damages for emotional distress because the contract was breached, he could not do so under Michigan law. Mental distress and anguish are not proper elements of damages in a breach of contract action. *Jankowski v. Mazzotta*, 7 Mich.App. 483, 152 N.W.2d 49 (1967). The only exception to this rule arises when the contract is personal in nature, rather than merely commercial, and bound up with "matters of mental concern and solicitude". *Mass. Mutual Life Ins. Co. v. Perkins*, Civ. Action No. 75–70680 (E.D.Mich. March 31, 1976) (Freeman, J.); *Stewart v. Rudner*, 349 Mich. 459, 84 N.W.2d 816 (1957); *Avery v. Arnold Home, Inc.*, 17 Mich.App. 240, 169 N.W.2d 135 (1969). That an insurance contract is a commercial contract was brought home in *Secor v. Pioneer Foundry*, 20 Mich.App. 30, 35, 173 N.W.2d 780, 783 (1969), when the court noted that "life insurance is not meant to assuage grief; its primary function is monetary." The same would hold true for disability insurance.

The question then becomes: Is plaintiff seeking damages for torts that can be separated from the breach of contract claim, or is he seeking damages that arose either as a consequence of the breach or directly from the breach?

Plaintiff relies essentially on two cases, one a Michigan case and the other a California case. The California case is *Fletcher v. Western Nat'l Life Ins. Co.*, 10 Cal.App.3d

376, 89 Cal.Rptr. 78 (1970), in which the court held that:

> It is well settled that punitive damages may not be recovered for breach of contract, even if the breach is willful, fraudulent or coupled with evil intent. . . . On the other hand, if the action is one in tort, punitive damages may be recovered upon a proper showing of malice, fraud or oppression even though the conduct constituting the tort also involves a breach of contract. . . . Likewise, if the conduct is tortious, damages for emotional distress may be recovered despite the fact that the conduct also involves a breach of contract.

Defendant argues that *Fletcher* is inapplicable because California law is not controlling here and, in that case, it was found that the insurer knew it should pay the plaintiff, but

> embarked upon a concerted course of conduct to induce plaintiff to surrender his insurance policy or enter into a disadvantageous "settlement" of a nonexistent dispute by means of false and threatening letters and the employment of economic pressure based upon his disabled, and, therefore impecunious, condition.

89 Cal.Rptr. at 87. The facts of the *Fletcher* case point out that plaintiff was seeking damages for conduct by the defendant insurance company that was separable from the actual breach of contract. California courts still recognize the principle that punitive damages are not recoverable for breach of contract.

The Michigan case relied upon by plaintiff is *Frishett v. State Farm Mutual Ins. Co.*, 3 Mich.App. 688, 143 N.W.2d 612 (1966). In *Frishett*, the plaintiff, whose husband had been killed in an auto accident in which both cars involved were insured by the defendant insurer, alleged that

> the agents of the defendant, using their status as insurers of the plaintiff, in addition to making false statements and unjustly withholding medical payments, overreached and obtained private and personal information for the use of the insurance company as insurer for the [ve-

hicle that collided with plaintiff's husband's vehicle].

3 Mich.App. at 689, 143 N.W.2d at 612. As a result of this conduct by the defendant, plaintiff alleged she became distressed and suffered emotional upset. On appeal from the trial court's holding that such damages could not be recovered, the court of appeals reversed and remanded the case for trial, holding that the tort of intentional infliction of emotional distress is recognized in Michigan and that plaintiff's complaint specifically alleged that the acts of the defendant were intended to inflict extreme mental suffering. The court adopted the standard of the *Restatement of Torts* § 46, comment g (1948) saying:

> In short, the rule stated in this section imposes liability for intentionally causing severe emotional distress in those situations in which the actor's conduct has gone beyond all reasonable bounds of decency. The prohibited conduct is conduct which in the eyes of decent men and women in a civilized community is considered outrageous and intolerable. Generally, the case is one in which the recitation of the facts to the average member of the community would arouse his resentment against the actor and lead him to exclaim outrageous!

3 Mich.App. at 693, 143 N.W.2d at 614.

Of course, the question whether the defendant's conduct in this case would be "outrageous" enough to warrant plaintiff's recovery is one of fact; however, for purposes of this motion, the court must inquire into whether the plaintiff has stated facts that could support such a finding by the trier of fact and, because this action contains a breach of contract count, whether or not the facts set out give rise to an action that is independent of, and not merely a consequence from, the breach of contract.

■ In count two of plaintiff's complaint, he alleges that the defendant intentionally inflicted emotional distress upon him when it "outrageously refus[ed] to pay benefits properly owing to plaintiff" and "outrageously and unilaterally treat[ed] claim as one for sickness and accident benefits only,

rather than a claim for disability." Amended Complaint ¶ 15, at 3 (April 14, 1975). In count three, the breach of fiduciary duty count, the plaintiff alleges that defendant "unreasonably fail[ed] to pay benefits properly owing to Plaintiff," "unreasonably fail[ed] to treat Plaintiff's claim as one for extended disability benefits," and "abuse[d] its position of power and trust in its treatment of Plaintiff." Amended Complaint ¶ 18, at 3 (April 14, 1975).

In light of the facts that were alleged in *Fletcher, e. g.*, that the insurer attempted to induce plaintiff into a settlement by fraudulent representations, threatening letters, and economic pressure, and in the Michigan case, *Frishett, e. g.*, that the insurer intentionally attempted to mislead the plaintiff and compromise her position as a beneficiary with the other party involved in the collision, plaintiff's complaint is not sufficient to withstand the defendant's motion for summary judgment. Plaintiff's allegations in his complaint are conclusional, not factual. He does not cure this defect with either an affidavit or any other means. In fact, in plaintiff's deposition, when asked several times if his mental distress claim was based on defendant's failure to pay the claim, the plaintiff responded in the affirmative. Bolden Deposition at 30 (July 11, 1975).

Thus, because plaintiff's assertions are conclusions, not facts, and because the plaintiff's deposition indicates that his claim for emotional distress does not arise out of any conduct by the insurer other than not paying his claim, the motion for summary judgment as to the mental distress count should be granted pursuant to rules 12(b) and 56, Fed.R.Civ.P. *See Mass. Mutual Life Ins. Co. v. Perkins*, Civ. Action No. 75–70680 (E.D.Mich. March 31, 1976) (Freeman, J.). Although California law is not applicable in this diversity action, the facts presented in the *Fletcher* case are much more vivid than the conclusions offered in this case by the plaintiff, making *Fletcher* inapplicable. Plaintiff cannot be allowed to seek damages via a separate count that he would be unable to seek in a single count for breach of contract. *Cf. Lewis v. Big Powderhorn Mountain*, 69 Mich.App. 437, 440–41, 245 N.W.2d 81, 83 (1976) (in which the court held that sale of a service did not give rise to both a claim for breach of an implied warranty and negligence: "nothing [can] be gained by further obscuring the procedures of pleading and proof by encouraging plaintiffs to couch the identical argument in alternative theoretical forms, one valid and one imaginative.")

█ As to the breach of fiduciary duty claim, the defendant does not discuss it separately from the mental distress claim and assumes that it will rise or fall with the mental distress claim. Whether this assumption is appropriate need not be decided because count three should also be dismissed. Plaintiff's complaint fails to allege facts that could support such a claim—he merely asserts that defendant failed to pay him his claim, failed to treat his claim as one for disability benefits, and abused its position of trust. While all of these allegations may be true, they are not supported by any facts and do not rise to a showing that defendant breached its fiduciary duty. All well pleaded material allegations of fact must be accepted as true when determining the sufficiency of plaintiff's complaint, *L'Orange v. Medical Protective Co.*, 394 F.2d 57 (6th Cir. 1968), but mere conclusions of the pleader are not to be accorded such deference. *Cole v. Cardoza*, 441 F.2d 1337, 1342 (6th Cir. 1971); *Sexton v. Barry*, 233 F.2d 220 (6th Cir.), *cert. denied*, 352 U.S. 870, 77 S.Ct. 94, 1 L.Ed.2d 76 (1956); *Dyer v. Gallagher*, 203 F.2d 477 (6th Cir. 1953).

At least two reasons make dismissal of this count proper. First, although insurance agents owe a fiduciary duty to the insurer, *Hawkeye Casualty Co. v. Frisbee*, 316 Mich. 540, 548, 25 N.W.2d 521 (1947), the relationship between the insurer and the insured is not a fiduciary relationship:

Ordinarily, an insurance company stands in no fiduciary relationship to a legally competent applicant for [an] insurance contract.

There is, however, even after loss, a relationship of trust and confidence be-

tween insurer and insured, as distinguished from the existence of a formal trust, which the court will recognize as sufficient to permit fraud to be predicated upon a misrepresentation . . . .

3 R. Anderson, *Couch Cyclopedia of Insurance Law* § 23.11, at 12–13 (2d ed. 1960). Plaintiff here has not pleaded any allegations of fraud that meet the burden of Rule 9(b), Fed.R.Civ.P., which requires that

[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally.

Secondly, the claim for breach of fiduciary duty appears also to have arisen out of the defendant's failure to pay the proceeds under the insurance contract and, therefore, can be dismissed as seeking to obtain damages not obtainable for breach of contract via a separate count that is not alleging facts independent of the breach.

Defendant's motion for partial summary judgment as to counts two and three is granted. Count one remains as the only count in this lawsuit.