RIGGS v FREMONT MUTUAL INSURANCE COMPANY

Docket No. 77-2716. Submitted May 4, 1978 at Grand Rapids.—Decided June 9, 1978.

Plaintiffs Roger and Emily Riggs owned a dwelling which was insured against fire loss by defendant Fremont Mutual Insurance Company. The dwelling was destroyed by fire and the defendant denied plaintiff's claim on their policy claiming arson by the plaintiffs. Plaintiffs brought suit seeking damages under the policy and for mental pain and anguish suffered as a result of defendant's alleged wrongful failure to pay according to the policy. The defendant raised an affirmative defense of arson. The Lake Circuit Court, Charles A. Wickens, J., awarded plaintiffs $15,000 for the loss of the house. The court also awarded Emily $6,000 in punitive damages for personal mental anguish, humiliation, and emotional distress, and the court awarded Roger $2,000 for mental anguish and humiliation. Defendant appeals. *Held:*

The trial court did not err in finding that the insurer failed to prove its affirmative defense of arson by a preponderance of the evidence. The trial court's finding as to the amount of compensatory damages was not clearly erroneous since it was within the policy limits and conflicting estimates of the parties. Michigan allows only exemplary damages which are compensatory in nature, such damages are recoverable for humiliation and indignity resulting from an injury maliciously or wantonly inflicted. Exemplary damages generally are not recoverable in Michigan even for intentional breaches of commercial contracts. Contract cases allowing such recovery in Michigan either involve a contract of a personal nature or some malicious, reckless or negligent conduct. A contract to insure against fire loss is an ordinary commercial contract, not a contract of a personal nature. Therefore, since this case did not

REFERENCES FOR POINTS IN HEADNOTES
[1, 6] 44 Am Jur 2d, Insurance §§ 1967, 2046.
[2] 44 Am Jur 2d, Insurance § 1990.
[3] 22 Am Jur 2d, Damages §§ 249, 250.
[4] 22 Am Jur 2d, Damages § 245.
[5] 43 Am Jur 2d, Insurance § 194.

involve a contract of a personal nature, and there is no evidence that the insurer's refusal to pay was malicious, reckless or negligent, the trial court erred by awarding plaintiffs any exemplary damages.

Affirmed in part, reversed in part.

1. APPEAL AND ERROR—INSURANCE—ARSON—AFFIRMATIVE DEFENSE— PREPONDERANCE OF EVIDENCE.

A trial court did not err in finding that an insurer failed to prove its affirmative defense of arson, in an action by an insured for damages under a policy of fire insurance, where the insurer did not prove such a defense by a preponderance of the evidence.

2. APPEAL AND ERROR—COMPENSATORY DAMAGES—INSURANCE—POLICY LIMITS.

A trial court's finding as to the amount of compensatory damages to be awarded, in an action for damages under a policy of fire insurance, is not clearly erroneous where the amount awarded is within the policy limits and conflicting estimates of the parties.

3. DAMAGES—EXEMPLARY DAMAGES.

Michigan allows only exemplary damages which are compensatory in nature; such damages are recoverable for humiliation and indignity resulting from an injury which has been maliciously or wantonly inflicted.

4. DAMAGES—EXEMPLARY DAMAGES—COMMERCIAL CONTRACTS—INTENTIONAL BREACHES—PERSONAL CONTRACTS.

Exemplary damages generally are not recoverable in Michigan even for intentional breaches of commercial contracts; contract cases allowing recovery either involve a contract of a personal nature or involve some malicious, reckless or negligent conduct.

5. INSURANCE—CONTRACTS—FIRE INSURANCE—COMMERCIAL CONTRACTS—PERSONAL CONTRACTS.

A contract to insure against fire loss is an ordinary commercial contract and is not a contract of a personal nature.

6. INSURANCE—DUTY TO DEFEND—FRAUDULENT CLAIMS.

Insurers have a duty to defend against what they believe to be fraudulent claims; therefore, the fact that an insurer was not able to prove its affirmative defense of arson, in an action by an insured for damages under a policy of fire insurance, does not automatically lead to the conclusion that the insurer was in any sense malicious, reckless or negligent in advancing such a defense.

*Terrence R. Thomas,* for plaintiffs.

*Reber & Reber,* for defendant.

Before: D. E. HOLBROOK, JR., P. J., and BASHARA and R. M. MAHER, JJ.

PER CURIAM. Plaintiffs are the owners of a one-story dwelling which was insured by defendant against fire loss. While the policy was in effect, the dwelling was destroyed by fire. Plaintiffs timely filed their proof of loss, but it was rejected since defendant claimed that the fire was incendiary in nature and that one or both of the plaintiffs had set the fire.

Following rejection of their claim, plaintiffs brought suit against the insurer for $18,000 in damages under the policy and for mental pain and anguish suffered as a result of defendant's wrongful failure to pay according to the policy. Defendant raised an affirmative defense of arson.

After a bench trial, the court awarded plaintiffs $15,000 for loss of the house. Also, the court awarded Emily Riggs $6,000 in exemplary damages for personal mental anguish, humiliation, and emotional distress and the court awarded Roger Riggs $2,000 in exemplary damages for mental anguish and "humility" *(sic)*. Defendant appeals as of right.

As noted earlier, defendant argued arson as an affirmative defense. The trial court found that, even assuming the fire was incendiary in nature, defendant failed to prove plaintiffs were the ones who started it. We conclude the trial court's finding is not clearly erroneous. A review of the evidence indicates plaintiffs were at a conference at the time the fire destroyed the dwelling. Defend-

ant failed to prove its affirmative defense of arson by a preponderance of the evidence.

The $15,000 award was within the policy limits and within the conflicting estimates of the parties. We conclude that the trial court's finding as to the amount of compensatory damages was not clearly erroneous. GCR 1963, 517.1.

We reverse, however, the lower court's award of exemplary damages. In Michigan, only exemplary damages which are compensatory in nature are allowed. Such damages are recoverable for humiliation and indignity resulting from an injury which has been maliciously or wantonly inflicted. *Ray v Detroit,* 67 Mich App 702; 242 NW2d 494 (1976), *lv den,* 397 Mich 828 (1976).

Exemplary damages generally are not recoverable for even intentional breaches of commercial contracts. *Caradonna v Thorious,* 17 Mich App 41, 46; 169 NW2d 179 (1969). Those contract cases allowing recovery either involve a contract of a personal nature (for example, breach of promise to marry, breach of promise to deliver a baby by Caesarean section) *Isagholian v Carnegie Institute of Detroit, Inc,* 51 Mich App 220, 222; 214 NW2d 864 (1974), *lv den,* 392 Mich 763 (1974), or involve some malicious, reckless or negligent conduct. *Isagholian, supra,* at 222.

A contract to insure against fire loss is an ordinary commercial contract and is not a contract of a personal nature. Further, we find no evidence that defendant's refusal to pay was malicious, reckless or negligent. Insurers have a duty to defend against what they believe to be fraudulent claims. The fact that defendant was not able to prove its affirmative defense of arson does not automatically lead to the conclusion that defendant was in any sense malicious, reckless or negli-

gent. Defendant's belief that the fire was deliberately set was supported by the conclusions of qualified experts who advised defendant and testified at trial.

Since this case involved neither a contract of a personal nature nor malicious, reckless or negligent conduct by the insurer, the court erred by awarding plaintiffs any exemplary damages.

Affirmed in part; reversed in part. No costs; neither party having prevailed in full.