ZIMMERMAN v MICHIGAN HOSPITAL SERVICE

Docket No. 78-3876. Submitted November 19, 1979, at Detroit.—Decided April 1, 1980.

Plaintiffs, Gerald Zimmerman and his wife, Janet, were subscribers of defendant, Michigan Hospital Service, also known as Michigan Blue Cross. The plaintiffs incurred hospital expenses of $5,194.25 as a result of the birth of triplets. The defendant paid a portion of the hospital expenses, but twice refused to pay the balance of $3,408.55 owed to the hospital for care given to Mrs. Zimmerman. The hospital brought an action against the Zimmermans which resulted in a judgment for the hospital. The plaintiffs then brought an action against defendant in Wayne Circuit Court for breach of contract and requested relief for the actual hospital expenses, costs and attorney fees and for $200,000 for mental anguish and emotional distress suffered as a result of defendant's alleged wrongful failure to pay according to the insurance policy. A judgment was entered in plaintiffs' favor, Richard R. Robinson, J. The defendant appeals from that portion of the judgment which pertains to plaintiffs' recovery of exemplary damages for mental anguish and emotional distress caused by the failure of the defendant to pay benefits due under the hospitalization contract. *Held:*

Compensation for actual injury done to feelings or state of mind has been allowed, in limited circumstances, under the label of exemplary damages. However, such damages are generally not allowed in actions for breach of contract. In the instant case, exemplary damages for mental anguish were not a foreseeable consequence of the defendant's breach of the insurance contract. That portion of the lower court judgment awarding

REFERENCES FOR POINTS IN HEADNOTES

[1-3] 22 Am Jur 2d, Damages §§ 195, 245.

[2, 3] 22 Am Jur 2d, Damages § 56.

44 Am Jur 2d, Insurance § 1797.

Damages recoverable from insurer for failure or delay in making payments due under contract. 37 ALR2d 538.

Insurer's liability for consequential or punitive damages for wrongful delay or refusal to make payments due under contracts. 47 ALR3d 314.

exemplary damages for mental anguish and humiliation for breach of the insurance contract is reversed.

Reversed in part.

M. J. KELLY, J., dissented. He would hold that since the plaintiffs paid the policy premiums not for the purpose of protecting a commercial investment but rather for the peace of mind that one derives from knowledge that one will receive necessary medical care without concern for ability to pay, the plaintiffs suffered more than monetary damages. He would affirm the award of exemplary damages for mental anguish.

OPINION OF THE COURT

1. CONTRACTS — BREACH OF CONTRACT — EXEMPLARY DAMAGES — MENTAL ANGUISH.

Compensation for actual injury done to feelings or state of mind caused by a breach of contract has been allowed in limited circumstances under the label of exemplary damages; there are instances in which the very nature of the contract is such that "rights we cherish, dignities we respect, emotions recognized by all as both sacred and personal" are involved and injury to feelings or state of mind may readily be understood to be the natural and probable consequence of a breach of contract in such instances.

2. CONTRACTS — INSURANCE — MEDICAL INSURANCE — BREACH OF CONTRACT — DAMAGES.

The essence of a hospital insurance contract is pecuniary and an insured can be fully compensated for the insurer's breach for refusing to pay the full amount of the insured's hospital expenses without resort to an award of exemplary damages for the insured's mental anguish; it cannot be reasonably supposed that the parties contracted with reference to payment of damages for mental anguish in the event of a breach.

DISSENT BY M. J. KELLY, J.

3. CONTRACTS — INSURANCE — MEDICAL INSURANCE — BREACH OF CONTRACT — DAMAGES — MENTAL ANGUISH.

*The consideration for payments made under a medical insurance policy is the peace of mind that one derives from knowledge that one will receive necessary medical care without concern for ability to pay; therefore, a plaintiff who has suffered mental anguish due to an insurer's improper failure to pay a claim under a medical insurance contract should be permitted to recover damages for the mental anguish suffered because of the breach of contract.*

*Cicinelli, Mossner, Majoros & Alexander, P.C.* (by *Eugene D. Mossner* and *William S. Pearson*), for plaintiffs.

*McClintock, Donovan, Carson & Roach,* for defendant.

Before: ALLEN, P.J., and M. J. KELLY and N. J. LAMBROS,* JJ.

N. J. LAMBROS, J. Plaintiffs Gerald Zimmerman and his wife, Janet, were subscribers of defendant, Michigan Hospital Service, also known as Michigan Blue Cross. Hospital expenses in the amount of $5,194.25 were incurred by the plaintiffs as a result of the birth of triplets to Mrs. Zimmerman. Defendant paid a portion of the hospital expenses, but twice refused to pay the balance of $3,408.55 owed to the hospital for care given to Mrs. Zimmerman.

The hospital then contacted the plaintiffs concerning payment. Plaintiffs refused payment because they believed the defendant to be liable. Legal proceedings were instituted by the hospital, resulting in a judgment against the plaintiffs for $3,484.69.

Plaintiffs initiated this suit against the defendant for breach of contract and requested relief for the actual hospital expenses, costs and attorneys fees and for $200,000 for mental anguish and emotional distress suffered as a result of defendant's alleged wrongful failure to pay according to the insurance policy.

After a three-day trial, the jury returned a verdict for the plaintiffs for $104,213.55. Defen-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

dant's motion for a new trial *(remittitur)* was denied by the trial court.

Defendant does not appeal from that portion of the verdict concerning plaintiffs' recovery for insurance benefits, attorneys fees, and costs. The sole issue before this Court is whether plaintiffs may recover exemplary damages for mental anguish and emotional distress caused by the failure of defendant Blue Cross to pay benefits due under the hospitalization contract.

In Michigan, compensation for actual injury done to feelings or state of mind has been allowed in limited circumstances under the label of exemplary damages. However, as noted in *Stewart v Rudner,* 349 Mich 459, 469; 84 NW2d 816 (1957), such damages are generally not allowed in breach of contract actions:

> "It is true, in the ordinary commercial contract, damages are not recoverable for disappointment, even amounting to alleged anguish, because of breach. Such damages are, in the words of defendant's requested charge, 'too remote.' But these are contracts entered into for the accomplishment of a commercial purpose. Pecuniary interests are paramount. In such cases breach of contract may cause worry and anxiety varying in degree and kind from contract to contract, depending upon the urgencies thereof, the state of mind of the contracting parties, and other elements, but it has long been settled that recovery therefor was not contemplated by the parties as the 'natural and probable' result of the breach."

But the Court in *Stewart* recognized that there are instances in which the very nature of the contract is such that "rights we cherish, dignities we respect, emotions recognized by all as both sacred and personal" are involved. *Stewart,* at 469. In these situations, injury to feelings or state of

mind may be readily understood to be the natural and probable consequence of a breach of the contract:

"When we have a contract concerned not with trade and commerce but with life and death, not with profit but with elements of personality, not with pecuniary aggrandizement but with matters of mental concern and solicitude, then a breach of duty with respect to such contracts will inevitably and necessarily result in mental anguish, pain and suffering. In such cases the parties may reasonably be said to have contracted with reference to the payment of damages therefor in event of breach. Far from being outside the contemplation of the parties they are an integral and inseparable part of it." *Stewart, supra,* at 471.

Examples of such contracts are breaches of a promise to deliver a baby by caesarian section, thereby causing the death of the fetus, *Stewart, supra;* breach of promise to marry, *Vanderpool v Richardson,* 52 Mich 336; 17 NW 936 (1883); breach of a contract to care for the plaintiff's elderly mother and notify the plaintiff in the event of her illness, *Avery v Arnold Home, Inc,* 17 Mich App 240; 169 NW2d 135 (1969); and breach of a contract to insure, resulting in the arrest and confinement of the plaintiff on a body execution, a then-lawful process, *Miholevich v Mid-West Mutual Auto Ins Co,* 261 Mich 495; 246 NW 202 (1933).

Applying the above analysis to the facts of this case, we find that this is not such a case as falls within the exception of *Stewart.* Here, the contractual breach involves only the nonpayment of money. The plaintiffs claim one amount of insurance coverage; Blue Cross a lesser amount. The defendant's breach only caused the plaintiffs a monetary disadvantage, which inconvenience has

been cured by their prevailing in the circuit court action below. The essence of the insurance contract being pecuniary, the plaintiffs have been fully compensated without resort to damages for mental anguish. As stated in *Jankowski v Mazzotta,* 7 Mich App 483, 487; 152 NW2d 49 (1967), "In every case of a contract breach, there is bound to be vexation and annoyance to one or both of the contracting parties. Whether such disappointment is real or imaginary, it is the natural result of a breach of contract." See *Riggs v Fremont Mutual Ins Co,* 85 Mich App 203, 206; 270 NW2d 654 (1978). *Fletcher v Aetna Casualty & Surety Co,* 80 Mich App 439, 444-445; 264 NW2d 19 (1978). The plaintiffs' injured pride is not alone sufficient to justify recovery beyond actual damages in this instance.

We conclude that exemplary damages for mental anguish were not a foreseeable consequence of defendant's breach of this insurance contract. It cannot be reasonably supposed that the parties contracted with reference to payment of damages for mental anguish in the event of a breach. That portion of the lower court judgment awarding exemplary damages for mental anguish and humiliation for breach of the insurance contract, therefore, is reversed.

Reversed in part. No costs are awarded.

ALLEN, P.J., concurred.

M. J. KELLY, J. *(dissenting).* Contrary to the position taken by the majority, I believe we are presented here with precisely the type of exception contemplated by the Court in *Stewart v Rudner,* 349 Mich 459; 84 NW2d 816 (1957). Plaintiff's contract with Michigan Hospital Service, also known as Michigan Blue Cross, was not for the

purpose of protecting a commercial investment; pecuniary aggrandizement is not anticipated by parties to a health insurance contract. The consideration for payments made under the policy is, rather, the peace of mind that derives from knowledge that one will receive necessary medical care without concern for ability to pay. The majority concludes that plaintiffs suffered only monetary disadvantage as a result of defendant's breach and are therefore not entitled to damages for mental anguish. I cannot equate the mental disquietude plaintiffs herein experienced with the usual vexation and annoyance accompanying a breach of contract involving trade and commerce. Health preservation concerns, common to all, are far more fundamental. Plaintiffs' contract with Michigan Blue Cross was designed to insure against the very anxiety they were forced to endure by defendant's nonpayment.

Furthermore, there is ample legal support for plaintiffs' claim of damages for mental anguish. This Court, in *Kewin v Massachusetts Mutual Life Ins Co,* 79 Mich App 639; 263 NW2d 258 (1977), *lv gtd* 402 Mich 940 (1978), noted that a variety of insurance contracts have been accepted as involving "mental concern and solicitude":

"That phrase now encompasses health insurance *(McCune v Grimaldi Buick* [45 Mich App 472; 206 NW2d 742 (1973)]), fire and casualty insurance *(Krajenke v Preferred Mutual Insurance Co* [68 Mich App 211; 242 NW2d 70 (1976)]), professional malpractice insurance *(Palmer v Pacific Indemnity Insurance [sic] Co* [74 Mich App 259; 254 NW2d 52 (1977)]), and life insurance *(Seaton v State Farm Life Insurance Co* [75 Mich App 252; 254 NW2d 858 (1977)]). No Michigan court has considered whether disability insurance should be placed in the same classification. In *Bolden v John Hancock Mutual Insurance Co* [422 F Supp 28 (ED

Mich, 1976)], a Federal district judge held that disability insurance did not qualify for the *Stewart* exception. However, that decision was made without the benefit of *McCune, Krajenke, Palmer,* and *Seaton.* Given the clear consensus of this Court established by those four decisions, we must reject *Bolden,* and hold that disability insurance contracts are also concerned with matters of mental concern and solicitude." 79 Mich App at 649.

The *Kewin* Court made it clear that in the absence of plaintiff's pleading deficiency, defendant's failure to pay the claim under the disability insurance contract would have permitted recovery for mental anguish damages. The issue in *Kewin* was framed in terms of defendant's "bad faith" failure to pay. The instant case raises a similar question regarding whether defendant acted in bad faith in persisting in refusal in the face of Mrs. Zimmerman's physician's correspondence with defendant emphasizing that plaintiff's hospitalization was not simply for purposes of rest or convalescence, but was absolutely necessary to ensure the safe birth of the triplets.

I would affirm the lower court judgment awarding damages for mental anguish.