JEROME v MICHIGAN MUTUAL AUTO INSURANCE COMPANY

Docket No. 48833. Submitted June 19, 1980, at Lansing.—Decided October 8, 1980. Leave to appeal applied for.

Plaintiff, Nancy S. Jerome, filed a complaint in Sanilac Circuit Court alleging damages suffered as a result of refusal by the defendant, Michigan Mutual Auto Insurance Company, to make payments due plaintiff under a no-fault insurance policy after her husband was struck and killed by a hit-and-run driver. Defendant admitted liability for $10,378.33 under the policy and the jury was instructed to enter a verdict for that amount. In addition, the jury found that defendant had unreasonably delayed or refused in making payments of the no-fault benefits and awarded plaintiff damages for emotional and mental distress in the amount of $30,000 and attorney fees of $5,783.27. Judgment was entered accordingly, Allen E. Keyes, J. Defendant appeals, contending that damages for mental and emotional distress may not be recovered from a no-fault insurer who has unreasonably or wrongfully delayed payment of benefits, and further, that 12% simple interest on overdue payments and the granting of attorney's fees are the only exemplary damages that the act provides for and that the additional award of mental and emotional damages as exemplary damages constitutes improper double recovery. *Held:*

As a general rule, damages for mental distress are not recoverable in breach of contract actions. Only damages that arise naturally from the breach of contract or that were within the contemplation of the parties at the time the contract was made are recoverable in commercial contract situations. Insurance contracts are commercial in nature because damages suffered upon the breach of the agreement are capable of adequate compensation by reference to the terms of the con-

REFERENCES FOR POINTS IN HEADNOTES

[1, 6] 22 Am Jur 2d, Damages § 56.
[2] 22 Am Jur 2d, Damages § 195.
    38 Am Jur 2d, Fright, Shock, and Mental Disturbance § 33.
[3] 38 Am Jur 2d, Fright, Shock, and Mental Disturbance § 35.
[4] 43 Am Jur 2d, § 3.
[5] 44 Am Jur 2d, Insurance § 1797.

tract. The only exception to the general rule is where the contract involves cherished rights, respected dignities and emotions recognized by all as both sacred and personal. Insurance contracts do not come within this exception. No reason appears in this case to conclude that either party contemplated any special damages, and none can be said to flow naturally from the breach.

Reversed and remanded.

1. DAMAGES — CONTRACTS — COMMERCIAL CONTRACTS.

The general rule in breach of commercial contract actions is that only damages that arise naturally from the breach of contract or that were within the contemplation of the parties at the time the contract was made are recoverable.

2. DAMAGES — CONTRACTS — MENTAL DISTRESS.

Damages for mental distress are generally not recoverable in breach of contract actions.

3. DAMAGES — CONTRACTS — MENTAL DISTRESS.

An exception to the rule that damages for mental distress generally are not recoverable in breach of contract actions may be allowed where the contract involves cherished rights, respected dignities, or emotions universally recognized as both sacred and personal.

4. INSURANCE — CONTRACTS.

Insurance contracts for disability income protection are commercial in nature; they are agreements to pay a sum of money upon the occurrence of a specified event.

5. DAMAGES — INSURANCE — CONTRACTS.

The damage suffered upon the breach of an insurance contract is capable of adequate compensation by reference to the terms of the contract.

6. DAMAGES — INSURANCE — CONTRACTS — ELEMENTS OF DAMAGE.

Breach of an insurance contract may result in annoyance and vexation, but recovery for those consequences is not generally allowed absent evidence that they were within the contemplation of the parties at the time the contract was made.

*Drillock, Atkins & Marcus,* for plaintiff.

*David A. Wallace,* for defendant on appeal.

Before: M. F. Cavanagh, P.J., and D. E. Hol-
brook, Jr., and J. H. Piercey,* JJ.

Per Curiam. Plaintiff's husband was struck and
killed by a hit-and-run driver. Plaintiff claimed
benefits due under a no-fault automobile insurance
contract with defendant and subsequently filed a
complaint alleging damages suffered as a result of
defendant's refusal to make payments due under
the no-fault policy. Defendant claimed that the
delay in payment was caused by plaintiff's failure
to furnish necessary information. Defendant ad-
mitted during trial that $10,378.33 was due plain-
tiff under the policy and the jury was instructed to
enter a verdict in plaintiff's favor in that amount.

In addition to the benefits due under the policy,
the jury found that there was an unreasonable
delay or refusal in making the payment of no-fault
benefits and awarded plaintiff damages for emo-
tional and mental distress in the amount of $30,-
000. The court awarded plaintiff attorney fees in
the amount of $5,783.27. Defendant appeals as of
right.

The first question this Court is asked to consider
is whether exemplary damages or damages for
mental and emotional distress may be recovered
from a no-fault automobile insurer who has unrea-
sonably or wrongfully delayed payment of benefits.

The trial court instructed the jury that, in addi-
tion to the no-fault benefits, plaintiff was entitled
to under the no-fault automobile insurance act,
MCL 500.3101 *et seq.;* MSA 24.13101 *et seq.,* if the
jury found 1) that the defendant unreasonably and
wrongfully withheld no-fault benefits, 2) that the
no-fault insurance policy was intended to involve
matters of mental concern and solicitude, and 3)

* Circuit judge, sitting on the Court of Appeals by assignment.

that the unreasonable or wrongful withholding caused plaintiff emotional and mental distress, they could award plaintiff damages for her mental anguish.

Defendant asserts that § 3142 of the no-fault insurance act which provides that "an overdue payment bears simple interest at the rate of 12% per annum" is an exclusive remedy of the insured and that § 3142 combined with § 3148, providing for attorney fees, constitute exemplary damages to be awarded plaintiff as part of plaintiff's actual damages. Defendant contends that emotional and mental distress damages, as were awarded here, are also exemplary damages and so their award along with the statutory exemplary damages constitutes an improper double recovery.

The question of the availability of an award for mental distress damages in breach of insurance contract cases was answered in the recent Supreme Court decision of *Kewin v Massachusetts Mutual Life Ins Co,* 409 Mich 401; 295 NW2d 50 (1980). *Kewin* involved a breach of a disability insurance contract. The Court of Appeals, 79 Mich App 639; 263 NW2d 258 (1977), had held that such a contract involves matters of mental concern and solicitude awardable upon proper pleading and proof. The jury in *Kewin* had awarded $75,000 damages for mental or emotional distress and $50,000 for exemplary damages. The Court of Appeals denied the $75,000 award for mental distress finding that it was for the same mental anguish as the exemplary damages.

The Supreme Court reversed the Court of Appeals decision in *Kewin* stating:

"[T]hat a disability income protection insurance policy contract is a commercial contract, the mere breach of which does not give rise to a right to recover dam-

ages for mental distress. The damages recoverable are those damages that arise naturally from the breach, or which can reasonably be said to have been in contemplation of the parties at the time the contract was made. Absent proof of such contemplation, the damages recoverable do not include compensation for mental anguish." *Kewin, supra,* 419.

The Supreme Court noted that under the general rule of *Hadley v Baxendale,* 9 Exch 341; 156 Eng Rep 145 (1854), only damages that arise naturally from the breach of contract or were within the contemplation of the parties at the time the contract was made are recoverable in commercial contract situations. Generally, damages for mental distress are not recoverable in breach of contract actions. *Kewin, supra,* 415. The exception to the *Hadley v Baxendale* rule is found in *Stewart v Rudner,* 349 Mich 459; 84 NW2d 816 (1957), which allowed mental distress damages to be awarded when the contract "involves 'rights we cherish, dignities we respect, emotions recognized by all as both sacred and personal'. *Stewart,* 469". *Kewin, supra,* 416.

The Supreme Court excluded insurance contracts for a disability income protection from the *Stewart* exception because:

"Insurance contracts for disability income protection do not come within the reach of *Stewart.* Such contracts are commercial in nature; they are agreements to pay a sum of money upon the occurrence of a specified event, *Secor v Pioneer Foundry Co,* 20 Mich App 30, 35; 173 NW2d 780 (1969); 14 Michigan Law & Practice, Insurance, § 71, p 50. The damage suffered upon the breach of the agreement is capable of adequate compensation by reference to the terms of the contract. We recognize that breach of the insurance contract, as with almost any agreement, results in some annoyance and vexation. But recovery for those consequences is generally

not allowed, absent evidence that they were within the contemplation of the parties at the time the contract was made. 22 Am Jur 2d, Damages, § 64, p 97. See, also, *Scottish Union & National Ins Co v Bejcy,* 201 F2d 163, 166 (CA 6, 1953)." *Kewin, supra,* 417.

We find the Supreme Court's reasoning in *Kewin* to be applicable to insurance contracts under the no-fault insurance act, MCL 500.3101 *et seq.;* MSA 24.13101 *et seq. Miholevich v Mid-West Mutual Automobile Ins Co,* 261 Mich 495; 246 NW 202 (1933), involved an insurer that owed an obligation to a third party on the insured's behalf and wilfully neglected to pay the judgment on the insured's behalf until the insured was arrested and jailed. The Supreme Court in *Kewin* distinguished *Miholevich.* "In this case the insurance company owed the plaintiff no duty as his agent to negotiate with or pay a third party for the insured's liability. This is an indemnity contract and the insured and insurer were dealing directly. No reason appears to conclude that either party contemplated any special damages, and certainly none can be said to flow naturally from the breach. *Scottish Union, supra,* 166." *Kewin, supra,* 418-419. See also *Fletcher v Aetna Casualty & Surety Co,* 80 Mich App 439; 264 NW2d 19 (1978), *lv gtd* 402 Mich 950s (1978), and *Riggs v Fremont Mutual Ins Co,* 85 Mich App 203; 270 NW2d 654 (1978).

Based on the reasons set forth in the Supreme Court decision in *Kewin v Massachusetts Mutual Life Ins Co, supra,* we reverse the trial court's judgment of damages and remand the case for a determination of damages in accordance with this opinion.

Because the trial court's determination of reasonable attorney fees under MCL 500.3148; MSA 24.13148 was based on the award of damages, we

remand for a reconsideration of the amount of attorney fees in light of this Court's decision on the question of damages.

Reversed and remanded.